**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A STATE COURT ACTION, OR IN THE ALTERNATIVE, PENDING PROCEEDINGS UNDER THE RHODE ISLAND ARBITRATION ACT**

NOW COME defendants Steve Lawrence ("Lawrence") and Lawrence Builders Inc. ("Lawrence Builders") (collectively, the "Defendants"), by and through counsel, and hereby move this Court to enter an order staying the above-entitled action pending a determination of the issues presented herein as part of a previously filed state court action, or in the alternative, for an order staying this matter pending proceedings under the Rhode Island Arbitration Act, R.I. Gen. Laws § 10-3-1 *et seq.*

In support of the within memorandum, the Defendants submit the accompanying memorandum.

Respectfully submitted,

LAWRENCE BUILDERS, INC. and STEVEN T. LAWRENCE

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: December 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 22nd day of December, 2005:

**Lynne M. Radiches, Esq.**
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS**

NOW COME defendants Steven T. Lawrence ("Lawrence") and Lawrence Builders, Inc. ("Lawrence Builders") (collectively, the "Defendants"), by and through counsel, and hereby submit the within memorandum in support of the accompanying motion to stay the instant proceedings.

**Introductory Statement**

On December 9, 2005, Lawrence Builders initiated legal action against plaintiff Anna Kolodner ("Kolodner"), and others, in the Providence County Superior Court for declaratory judgment and other related relief arising out of a contractual dispute relative to an agreement by and between Lawrence Builders and Kolodner with respect to the construction of a new house in Narragansett, Rhode Island (the "Superior Court action"). *A true and accurate copy of the Superior Court action Complaint is appended hereto as Exhibit A.* Notwithstanding, and with full knowledge of the pending Superior Court action, Kolodner commenced the instant matter in this Court on December 12th.

Insofar as there is a previously pending Superior Court action that presents the identical issues of law and fact, under principles of comity, as articulated in *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800 (1976), and its progeny, this Court should stay the instant matter pending the outcome of the state court proceedings.

In the alternative, Kolodner's Complaint is grounded upon an "AIA" contract which requires proceedings under the Rhode Island Arbitration Act, R.I. Gen. Laws §§ 10-3-1 *et. seq.*

**Argument**

**The Court should stay the proceedings insofar as there is a previously commenced parallel state court proceeding that implicates identical issues of law and fact**

This Court should stay the instant proceedings insofar as there is a parallel state court action that was previously commenced by Lawrence Builders, which presents the exact same issues of law and fact raised herein. Given the attendant facts and circumstances, the principles of comity are implicated, which suggest that a stay is appropriate in the instant matter.

Generally, when the courts are faced with a controversy over which they have jurisdiction, said court should hear the case. *See Colorado River Water Conservation District v. U.S.,* 424 U.S. 800 (1976). However, it is well-established that there are situations, such as the instant case, when federal courts should abstain from hearing a case even when the case falls within a court's jurisdiction. *Id.* at 813. One such situation arises when there are parallel proceedings in both state and federal court that stem from the same set of facts and/or present the same or similar issues of law. *Id.*

Although the general rule is that the pendency of an action in the state court is not a bar to proceedings concerning the same matter in the federal court having jurisdiction, there are times when "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" will allow the federal court to

abstain from hearing the case. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). The underlying principle here is comity: "the idea that the state courts should not, in certain circumstances, be interfered with." *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 69 (1st Cir. 2005).

The *Colorado River* court outlined several factors to be weighed by a reviewing court in deciding if a federal court should refrain from hearing a case in which there is a concurrent parallel state proceeding. The factors to be considered include: "(1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction." *Id.* "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required". *Colorado River,* 424 U.S. at 818.

This case implicates several of the *Colorado River* factors. First, with respect to the court's desirability to avoid piecemeal litigation, Lawrence Builders previously commenced the Superior Court action relative to the contract. The Superior Court action presented identical issues of law and fact.

The present case should be stayed in order to avoid the possibility of inconsistent outcomes, a duplication of time, effort and to be expended resources, and in order to ensure an efficient and consistent outcome in light of the plain language set forth in the parties' contract.

Secondly, Lawrence Builders commenced the Superior Court action on December 9th. On that same date, Lawrence Builders provided notice of the same to Kolodner. Even though Kolodner was fully apprised of the fact that the Superior Court action was initiated by Lawrence Builders, Kolodner chose to ignore the same and endeavored to circumvent the previously selected forum by selecting her own and commencing this case on December 12th. Essentially, Kolodner went shopping for her own forum. Kolodner's willfulness to ignore the predetermined forum, and commence the instant action notwithstanding the Superior Court action, which was initiated three (3) days prior, should not be rewarded. Thus, this matter should be stayed in deference to the Superior Court action.

Third, the instant matter is a garden variety contract dispute, which implicates principles of Rhode Island contract law construction and application. Rhode Island law governs the dispute, and, further, the Rhode Island Arbitration Act will impact this matter.

Moreover, the state court is capable of adequately protecting the parties' interests. The case involves a straightforward application of state contract law. The state court is well equipped to decide questions of state law, and ensure that the matter may be properly and appropriately adjudicated on the merits. As such, the state court is an appropriate venue for this residential contract dispute.

In light of these factors, the instant action should be stayed in deference to the previously commenced Superior Court action.

**Under the clear and unambiguous terms of the alleged AIA contract (if enforceable), there is an arbitration provision**

This Court should stay the proceedings, because if Kolodner is correct in alleging that the Contract is in force and effect, then there is an arbitration provision.

In this regard, the law in Rhode Island is clear. R.I. Gen. Laws § 10-3-3 provides, in pertinent part, as follows:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, **shall**, on application of one of the parties, **stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with the arbitration. (Emphasis supplied.)

The contract that is underlying Kolodner's allegations does, indeed, include an arbitration clause requiring the parties submit their claims and/or disputes relative to the contract to arbitration for determination. Thus, the instant action should be stayed in order to afford the parties the opportunity to comply with the terms of their agreement and the provisions of R.I. Gen. Laws §§ 10-3-1 *et seq.*, including issues of arbitrability.

To the extent that there is any question as to which matters and/or disputes may be referable to arbitration, again, this Court should stay the instant proceeding until such time as the court in the Superior Court action has considered, and determined, the same.

R.I. Gen. Laws § 10-3-5 provides, in pertinent part:

> **10-3-5. Determination as to whether issue is subject to arbitration**. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the arbitration agreement is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine the issue.

As such, any such matters must be determined in the first instance. Therefore, in the alternative, this case should be stayed pending any such determination in the event any such question exists.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Defendants respectfully pray that this Court enter an order staying the instant proceeding pending arbitration, and that this Court award to the Defendants such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

LAWRENCE BUILDERS, INC. and STEVEN T. LAWRENCE

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: December 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 22nd day of December, 2005:

**Lynne M. Radiches, Esq.**
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903