**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**Steven T. Lawrence's Motion to Dismiss For Failure to State a Claim Upon Which Relief May Be Granted**

NOW COMES the defendant Steve Lawrence ("Lawrence"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby moves this Court for an order dismissing plaintiff Anna Kolodner's ("Kolodner") Complaint against Lawrence in the above-entitled action insofar as Kolodner has wholly failed to state any claim against Lawrence upon which relief may be granted. Simply put, Kolodner has failed to allege any facts, even taking all of the allegations set forth in the Complaint as true, that would support any claim(s) for recovery against Lawrence, and, thus, as a matter of law, the Complaint must be dismissed as against Lawrence.

In support of the within motion, Lawrence submits the accompanying memorandum.

Respectfully submitted,

STEVEN T. LAWRENCE

By his Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: December 22, 2005

**Certificate of Service**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 22nd day of December, 2005:

**Lynne M. Radiches, Esq.**
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| **Defendants** | : | |

**Defendant, Steven T. Lawrence's Memorandum in Support of His Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted**

NOW COMES defendant Steve T. Lawrence ("Lawrence"), by and through counsel, and hereby submits the within memorandum in support of the accompanying motion to dismiss plaintiff Anna Kolodner's ("Kolodner") Complaint against Lawrence for failure to state a claim upon which relief may be granted.

**Introductory Statement**

On December 12, 2005, Kolodner ("Kolodner") filed the instant action against Lawrence Builders, Inc. ("Lawrence Builders") and Lawrence. In doing so, Kolodner alleged various claims against Lawrence Builders arising out of an contract by and between Kolodner and Lawrence Builders with respect to the construction of a house[1].

Although Kolodner names Lawrence as a party-defendant in the instant matter, she advances no particular or specific claims or causes of action against Lawrence, the President of Lawrence Builders in the Complaint. In fact, Kolodner alleges that she entered into a contract

[1] Kolodner initiated the instant litigation notwithstanding that she was aware that on December 9, 2005, Lawrence Builders filed an action for a declaratory judgment and other relief in Washington County Superior Court against Kolodner, and others, to determine to the exact same subject matter and/or issues as in the present case.

with Lawrence Builders, she paid a substantial sum to Lawrence Builders, Lawrence Builders hired certain sub-contractors and purchased certain materials relative to the project, Lawrence Builders performed a certain scope of work pursuant to its agreement with Kolodner, and Lawrence Builders breached its agreement, negligently performed its scope of work and/or misrepresented itself to Kolodner. Nowhere in Kolodner's Complaint does she make any allegations against Lawrence, acting in his individual and/or arising out of his personal capacity, nor does she ever claim that Lawrence acted beyond the scope of his corporate authority.

Even more, Kolodner fails to advance any allegation that she had any relationship with Lawrence other than by and through her contract with Lawrence Builders, with Lawrence acting as an officer of the company. At best, Kolodner's Complaint merely identifies Lawrence as an agent of a disclosed principal, *to wit*, Lawrence Builders, and, as such, she has failed to state a claim upon which relief may be granted against Lawrence in his personal capacity. Accordingly, Kolodner's Complaint against Lawrence must be dismissed as prayed.

**Pertinent Facts**

It is beyond dispute that Lawrence is the President of Lawrence Builders[2], and that, at all times relevant hereto, Lawrence was acting in said capacity, on behalf of Lawrence Builders, which was known to Kolodner.

Kolodner entered into a contract with Lawrence Builders for Lawrence Builders to construct a residence for Kolodner at 37 Stanton Avenue, Narragansett, Rhode Island (the "Project"). *See Kolodner's Complaint at Paragraph 6.* Under the contract it was contemplated that Kolodner allegedly was to pay Lawrence Builders the amount of $440,550.00 for Lawrence

[2] *See, generally*, Lawrence Builders' annual and other corporate filing(s) on record with the Rhode Island Secretary of State - Corporations Division, which are available at *http://www.corps.state.ri.us/corporations/corp search/index.php*.

Builders performance of the prescribed scope of work under the contract, subject to certain additions and/or deductions relative to the same. *See Kolodner's Complaint at Paragraph 7.*

In her Complaint, Kolodner acknowledges, and admits, that she paid a substantial sum to Lawrence Builders. *See Kolodner's Complaint at Paragraph 8.* Even more, Kolodner alleges that she paid certain additional costs and/or expenses to subcontractors engaged by Lawrence Builders, and to suppliers from whom Lawrence Builders ordered and/or purchased materials for the subject project. *See Kolodner's Complaint at Paragraph 9.*

Further, Kolodner's Complaint avers as follows:

~ Certain of the work performed by Lawrence Builders was substandard, and contained a number of errors and/or omissions that necessitated Kolodner hiring other contractors to correct and/or complete, *see Kolodner's Complaint at Paragraph 10*;

~ Kolodner paid additional costs and expenses to other contractors hired to correct and complete the Project, *see Kolodner Complaint at Paragraph 11*;

~ Kolodner discovered certain errors and omissions by Lawrence Builders, which occasioned Kolodner to incur additional expenses, *see Kolodner Complaint at Paragraph 12*; and

~ There were a number of allowances due Kolodner pursuant to her contract with Lawrence Builders, which Kolodner did not receive, *see Kolodner Complaint at 13.*

Mysteriously and inexplicably, in Paragraph 14 of her Complaint, Kolodner changes her prior references to Lawrence Builders to the "Defendants", generally, which Kolodner defines as

Lawrence Builders and Lawrence collectively even though at no place in the Complaint does Kolodner allege any wrongful conduct on the part of Lawrence, the disclosed agent of Lawrence Builders. *See, generally, Kolodner's Complaint at Paragraphs 14 - 25.* Further, at no point in the Complaint does Kolodner allege that Lawrence acted beyond the scope of any corporate authority, or that Kolodner had a relationship with Lawrence other than in his capacity as an agent of Lawrence Builders.

**Standard of Review**

It is well-settled that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted "if, under the facts alleged, the plaintiff cannot recover on any viable theory." *Blackstone Realty LLC v. F.D.I.C.,* 244 F.3d 193, 197 (1st Cir. 2001). In conducting its review, the court, generally, must accept all well-pled factual averments as true, and draw all reasonable inferences in favor of the non-moving party. *Berezin v. Regency Savings Bank*, 234 F. 3d 68, 70 (1st Cir. 2000); *Negron-Gaztambide v. Hernandez-Torres*, 35 F. 3d 25, 27 (1st Cir. 1994). A complaint, however, should be dismissed if it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling the plaintiff to relief. *See Ronald C. Brown v. Hot, Sexy & Safe Productions, Inc.*, 68 F. 3d 525 (1st Cir. 1995); *see also*, *Miranda v. Ponce Federal Bank*, 948 F. 2d 41, 44 (1st Cir. 1991); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the standard of review is "generous" to the non-moving party, it does not follow that it is completely "toothless". *Zeus Projects Limited v. Perez & Cia*, 187 F.R.D. 23, 26 (D. P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F. 2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, a plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to

sustain recovery." *Gooly v. Mobil Oil Corp.*, 851 F. 2d 513, 515 (1st Cir. 1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F. 3d 1, 3 (1st Cir. 1996).

In the instant case, insofar as Lawrence was a disclosed agent of a known principal, *to wit*, Lawrence Builders, and that Kolodner has failed to plead any egregious or wrongful conduct against Lawrence in her Complaint, or that Lawrence acted beyond the scope of his authority or otherwise had a relationship with Kolodner other than as an agent of Lawrence Builders, there are no set facts event, taking all of the allegations set forth in the Complaint as true, that supports Kolodner's claims against Lawrence or that would otherwise justify any recovery by Kolodner against Lawrence personally.

**Argument**

Kolodner's Complaint readily admits her contractual relationship relative to the Project was with Lawrence Builders, and not Lawrence individually. It was Lawrence Builders that Kolodner paid, Lawrence Builders that performed the work under the contract, Lawrence Builders that engaged subcontractors and purchased materials, and Lawrence Builders that alleged defectively and/or incorrectly performed certain work relative to the project.

At no time, does Kolodner allege any wrongful conduct on the part of Lawrence, an officer of Lawrence Builders. Moreover, the Complaint contains no allegations that Lawrence acted beyond the scope of his corporate authority, or that he had any relationship with Kolodner other than as an officer of Lawrence Builders. In fact, Kolodner's Complaint abjectly fails to even identify who Lawrence is, or otherwise how he is implicated in the subject contract relative to the Project.

At most, the Complaint merely contains an implicit recognition that, at all times relevant hereto, Lawrence was an agent of a disclosed principal, Lawrence Builders. Notwithstanding, under no set of the circumstances pled by Kolodner in her Complaint can Lawrence be held liable, in any respect, for the actions and/or omissions of his principal, Lawrence Builders, in the course of its administration and/or performance under its contract with Kolodner.

It is well-settled "that an agent [working] on behalf of a disclosed principal is not personally liable for a third party for acts performed within the scope of the [agents'] authority". *Stebbins v. Wells*, 818 A.2d 711, 719 (R.I. 2003). "An agent, however, may be personally liable for unauthorized acts outside the scope of the agency, for acts to which the agent has bound himself or herself-either expressly or impliedly-under a contract, or for acts within the scope of a duty that is otherwise independent of the agency relationship." *Kennett v. Marquis*, 798 A.2d 416, 419 (R.I. 2002) (citations omitted). Kolodner's Complaint contains no such allegations against Lawrence. Thus, any attempt by Kolodner to assert a claim against Lawrence by virtue of the Complaint must fail as a matter of law.

Lawrence's only nexus to the Project, and the contract by and between Lawrence Builders and Kolodner is his actions as an officer and/or agent of Lawrence Builders. In Rhode Island it is well-established that corporate officers are agents of their corporation. *DePasquale v. Societa de M.S. Maria*, 173 A. 623, 624 (R.I. 1934). Even more, where a corporate officer acts on behalf of the corporation, the corporation is bound to the acts of the agent. *Brimbau v. Ausdale Equipment Rental Corp.*, 376 A.2d 1058, 1063 (R.I. 1977). Thus, where a corporate officer acts on behalf of the corporation, and within the bounds of his authority and the officer has no relationship with the third party other than as an agent of the corporation, the officer is not liable to the third party for the actions of the company.

Not only has Kolodner failed to specifically allege any act and/or omission by Lawrence in connection with the Kolodner-Lawrence Builders contract, but she has also failed to allege that Lawrence acted beyond the scope of his corporate authority or that Lawrence, in his individual capacity, or had any relationship with Kolodner other than by and through Lawrence Builders, as its officer and/or agent, relative to the Project.

Kolodner's Complaint, on its face, assuming all of the averments set forth therein as true, fails to make even the most basic allegation(s) against Lawrence that would trigger a viable claim for liability relative to the Project and/or her contract with Lawrence Builders. Kolodner does not aver that she had any relationship whatsoever with Lawrence other than the implication that he was an agent of the company. The only allegations articulated in the Complaint arise solely out of Kolodner's contract with Lawrence Builders and the resulting course of conduct and dealing by and between the parties in connection with the Project. There is no allegation that speaks to Lawrence in any individual capacity, or capacity other than as an agent of Lawrence Builders.

Kolodner's Complaint contains three (3) counts, breach of contract, negligence and misrepresentation. Kolodner claims a breach of contract is strictly against Lawrence Builders, and does no implicate Lawrence. See Kolodner's Complaint at Paragraphs 26-28. Further, Kolodner alleges negligence, again, solely against Lawrence Builders. *See Kolodner's Complaint at Paragraphs ¶¶ 29-32.* Finally, Kolodner asserts a claim against the "Defendants" for misrepresentation in Count Three of the Complaint. *See Kolodner's Complaint at Paragraphs 33-37.* At best, this claim is specious, and, at worst, without any merit insofar as the entire Complaint, including any of the claims therein, stems from the underlying contract between Kolodner and Lawrence Builders, and not from any alleged contractual or other

relationship between Lawrence, in his individual capacity, and Kolodner. Simply put, Lawrence is an agent of Lawrence Builders. Absent any supportable allegations in the Complaint directed specifically against Lawrence, and, in particular, asserting that he acted beyond the scope of his corporate authority, or that he otherwise had an independent or free standing relationship with Kolodner, the claim for misrepresentation against Lawrence must fail. Kolodner may not simply advance a claim without any basis in fact or law, particularly when the same implicates the well-settled principles of agency, *to wit*, a corporate officer, acting within his scope of authority on behalf of the company.

**Conclusion**

WHEREFORE, for the foregoing reasons, Lawrence respectfully prays that this Court enter an order dismissing Kolodner's Complaint against Lawrence, that Lawrence be awarded any and all attorneys' fees and costs incurred by Lawrence in the preparation and prosecution of the within motion, and that this Court award to Lawrence such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

STEVEN T. LAWRENCE

By his Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: December 22, 2005

**Certificate of Service**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 22nd day of December, 2005:

**Lynne M. Radiches, Esq.**
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903