UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCANNED

| | | |
|---|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE<br><br>*Defendants* | : | CIVIL ACTION NO.: 05-515ML |

**OBJECTION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A STATE COURT ACTION, OR IN THE ALTERNATIVE, PENDING PROCEEDINGS UNDER THE RHODE ISLAND ARBITRATION ACT**

Plaintiff, Anna Kolodner, by her undersigned attorneys, hereby objects to Defendants' Motion to Stay Proceedings Pending a State Court Action, or in the Alternative, Pending Proceedings Under the Rhode Island Arbitration Act, for the reasons set forth in the accompanying Memorandum of Law (including exhibits).

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: January 3, 2006

**CERTIFICATION**

I hereby certify that on this 3rd day of January, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook
Susan M. Cook

J:\Docs\27899\00001\00981144.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE<br><br>*Defendants* | : | CIVIL ACTION NO.: 05-515ML |

**MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A STATE COURT ACTION, OR IN THE ALTERNATIVE, PENDING PROCEEDINGS UNDER THE RHODE ISLAND ARBITRATION ACT**

**INTRODUCTION**

Defendant, Lawrence Builders, Inc. ("Lawrence Builders"), engaged in some serious holiday forum shopping this December, when it tried to defeat diversity jurisdiction by, among other things, claiming to have filed a Complaint against Plaintiff Anna Kolodner ("Plaintiff" or "Ms Kolodner") and others in Superior Court three days before Ms. Kolodner filed the instant action in Federal Court. But Ms. Kolodner kept the receipt evidencing that she filed on December 9, 2005 - the same day that Lawrence Builders filed in Superior Court - along with evidence that Lawrence Builders knew just where and when she'd be filing - and even had a copy of her Complaint the day before.

Lawrence Builders and its attorneys provided false information to this Court when they stated that Ms. Kolodner had not filed in Federal Court until December 12, 2005. Lawrence Builders and its attorneys knew that Ms. Kolodner had filed on December 9, 2005, because that

was the day that Lawrence Builders and its attorneys raced to the Washington County Superior Courthouse in an effort to file before Ms. Kolodner, after adding a couple of bogus Rhode Island defendants to the State Court Complaint for good measure to strengthen its chance of keeping this case out of Federal Court.

**BACKGROUND**

On December 9, 2005, having exhausted all reasonable efforts to avoid bringing legal action, Ms. Kolodner filed the instant lawsuit against Defendants. See Exhibit 1. The subject of this lawsuit is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). See Exhibit 2. Ms. Kolodner has alleged Breach of Contract, Negligence, and Misrepresentation, all arising from consistently shoddy work containing numerous errors and omissions, which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

On October 26, 2005, Ms. Kolodner, Steven T. Lawrence ("Mr. Lawrence") and Mr. Lawrence's wife, Melissa Hillas ("Ms. Hillas"), and their attorneys met at the offices of Ms. Kolodner's counsel to discuss the potential for settlement of Ms. Kolodner's claim. The parties agreed to meet again on November 18, 2005, in a continued effort to resolve the matter. At or about 7:00 pm on November 17, 2005, Mr. Lawrence and Ms. Hillas' then counsel informed Ms. Kolodner's counsel that Mr. Lawrence and Ms. Hillas had retained new counsel. The meeting scheduled for November 18, 2005 did not take place.

On November 29, 2005, Plaintiff's counsel spoke by telephone with Defendants' new counsel, Mr. Russo, at which time Mr. Russo explained to Plaintiff's counsel that his clients would be in to see him sometime early the following week. Mr. Russo then requested that, under

the circumstances, his clients be allowed until Friday, December 9, 2005 to either make a counter-offer to Plaintiff's demand, or inform Plaintiff through counsel that the matter could not be resolved. With an eye toward resolving the matter in a conference room rather than a courtroom, Plaintiff's counsel agreed to relay the request to her client, and to contact Mr. Russo if there would be a problem with accommodating his request. During that same telephone conversation, Mr. Russo and Plaintiff's counsel briefly discussed Plaintiff's options for filing suit. Mr. Russo encouraged Plaintiff to file in State Court, opining that "we'd all be miserable in Federal Court." Plaintiff's counsel responded that her client was still weighing her options.

On December 8, 2005, having heard nothing from Mr. Russo since the telephone call of November 29, 2005, Plaintiff's counsel sent a letter to Mr. Russo via facsimile and e-mail informing Mr. Russo that Plaintiff had instructed her to file a Complaint in Federal Court at 3:00 pm on December 9, 2005, and reminding Mr. Russo that, if his clients still wanted to negotiate, it was now time for them to do so. See Exhibit 3. As a courtesy to Mr. Russo and his clients, a copy of Ms. Kolodner's Federal Court Complaint was enclosed. What happened next is the type of behavior which serves only to perpetuate the negative stereotype of lawyers.

On December 9, 2005, at approximately 11:16 am, Mr. Russo sent Plaintiff's counsel a letter in response to hers of the day before which stated in pertinent part, "[u]nfortunately, your client is not going to provide me time to sit down with the clients and seriously discussed (sic) the issues that you and I discussed the last time we spoke." See Exhibit 4. The letter went on, "[a]ccordingly, I have filed the enclosed Complaint in Washington County Superior Court." At no time following the November 29, 2005 telephone conversation with Plaintiff's counsel did Mr. Russo ever request additional time beyond the date he had selected to respond to the

settlement demand. Just as she said she would, Ms. Kolodner filed her Complaint in Federal Court just after 3:00 pm on December 9, 2005. See Exhibit 1.

Lawrence Builders sued not only Ms. Kolodner in State Court, but also her husband, Monty Gold (who is not a party to the Contract), Herb Arnold and Michael Arnold d/b/a H.L. Arnold Jr. & Associates (the architect on the Project, hereinafter referred to as "the architect", who is not a party to the Contract) and Carrigan Engineering, Inc. (the engineer on the Project, hereinafter referred to as "the engineer" or "Carrigan", who is not a party to the Contract). In a telephone call to Herb Arnold ("Mr. Arnold") on or about December 9th or 10th, 2005, Mr. Russo told Mr. Arnold that he and Carrigan had been named in the State Court action to keep the case out of Federal Court. See Exhibit 5, ¶¶ 5,6, & 7.

## ARGUMENT

### I. The Federal Court Has A Duty To Hear This Case.

This Court should not stay proceedings pending action in the State Court, where a Motion to Dismiss is pending, because there are no exceptional circumstances which warrant a stay.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation District, et al. v. United States, 424 U.S. 800, 813 (1976). "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication to the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve as important countervailing interest." Id. (citing County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189 (1959)). There is no countervailing interest here – only Defendants' declared interest in avoiding Federal Court.

Not only is it this Court's duty to hear this case, but to abstain from doing so would be to reward Defendants and their counsel for their deceptive behavior of filing in State Court hours before they knew Plaintiff would be filing in Federal Court for the sole purpose of trying to keep the case out of Federal Court. Defendants' bad faith in filing in State Court despite a pending parallel proceeding in Federal Court is evidenced not only by Mr. Russo's statement to Ms. Kolodner's counsel that "we'd all be miserable in Federal Court", but also by his statement to Mr. Arnold that he and the engineer were named in the State action to keep the case out of Federal Court. See Exhibit 5, ¶¶ 5,6, & 7.

Defendants refer in their Memorandum to the "pending Superior Court action" as though the case in Washington County was already in full swing when, in fact, it was filed on the very same day that Ms. Kolodner filed in Federal Court – which Defendants and their counsel knew from the letter faxed and e-mailed by Ms. Kolodner's counsel on November 8, 2005. See Exhibit 3. Defendants and Mr. Russo misrepresented to this Court that Ms. Kolodner's lawsuit was not filed until December 12, 2005 to give this Court the false impression that Ms. Kolodner filed in Federal Court in response to the State Court action. Even if Ms. Kolodner had waited until December 12, 2005 to file (which she did not), the circumstances would not be such that this Court should postpone the exercise of its jurisdiction. "Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 21 (1983). Both suits were filed on the same day – no progress had been made in either one.[1]

[1] If anything, the Federal suit was the first to progress. Defendants in the Federal action were served on December 12, 2005. Ms. Kolodner and Mr. Gold, as named defendants in the State Court action brought by Lawrence Builders, were not served until days later. Upon information and belief, the Rhode Island architect and engineer named in the State Court action have not been served.

Defendants label the subject matter of this case a "garden variety contract dispute" subject to Rhode Island law. Plaintiff doesn't necessarily take the position that it isn't, but "[t]he mere fact that the outcome of a case is governed by state law does not warrant dismissal - - to hold otherwise would undermine the purpose and reach of federal diversity jurisdiction." Gonzalez v. Cruz, 926 F.2d 1, 13 (1st Cir. 1991). One of the important original goals of diversity jurisdiction is "to protect an out-of-state party against potential bias in a state forum". Id. at FN 5. Protection against the potential bias from a Washington County jury is but one of several reasons Ms. Kolodner (who is a Massachusetts resident) chose to file in Federal Court.

Ms. Kolodner has a right to bring her case in Federal Court pursuant to diversity jurisdiction. Mr. Russo made it clear to both Ms. Kolodner's counsel and to Mr. Arnold that he and/or his clients did not want this case in Federal Court. See Exhibit 5, ¶¶ 5,6, & 7. This Court should not abstain from hearing this case based on Defendants' sense of (un)fair play. Defendants took advantage of the knowledge that Ms. Kolodner intended to file in Federal Court at 3:00 pm on December 9, 2005, and may in fact have beaten her to the Courthouse by minutes, but in essence, the State and Federal cases were filed simultaneously.

Defendants' audacious misrepresentation to this Court that Ms. Kolodner filed on December 12, 2005 (as though it would have made a difference given the infancy of both proceedings), after naming defendants in the State Court action from whom it seeks virtually no relief – and admitting that those defendants were named to keep this case out of Federal Court, is unconscionable behavior which should not be rewarded by a stay of proceedings in Federal Court.

## II. Defendants Have Waived Any Alleged Right To Arbitration

Lawrence Builders seeks to rely on the alleged provisions of a contract it claims no longer exists to force this matter into arbitration. The document signed by Ms. Kolodner and Mr. Lawrence (See Exhibit 2) makes no mention whatsoever of arbitration, nor has Ms. Kolodner at any time ever been shown or provided with other documents purported to be part of the contract which reference arbitration.

"[The] principle of knowing consent applies with particular force to provisions for arbitration. Clarity and conspicuousness of arbitration terms are important in securing informed consent. If a party wishes to bind in writing another to an agreement to arbitrate future disputes, such purpose should be accomplished in a way that each party to the arrangement will fully and clearly comprehend that the agreement to arbitrate exists and binds the parties thereto." Specht v. Netscape Communs, Corp., 306 F.3d 17, 30 (2nd Cir. 2002). Ms. Kolodner knew nothing of an alleged arbitration provision in the contract Lawrence Builders contends is null and void.

Query though, why Lawrence Builders would file a lawsuit in State Court that, in its own words "presents the identical issues of law and fact" to those of the instant action, if it intended to seek arbitration? The filing of the Complaint in State Court by Lawrence Builders is inconsistent with any alleged right to arbitration. "In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right…". Jones Motor Company, Inc. v. Chauffeurs, Teamsters and Helpers Local Union, 671 F.2d 38, 44 (1st Cir. 1982). Clearly, for Lawrence Builders the "litigation machinery has been substantially invoked…". Id. Any claim to arbitration by Lawrence Builders, be it real or imagined, is therefore waived.

The Complaint in State Court filed by Lawrence Builders also ignored any alleged right to arbitration, and prayed no reservation of that right. See Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co., 128 F.2d 411, 414 (7th Cir. 1942). For that reason as well, any claim by Lawrence Builders to arbitration should be denied.

**PROCEDURAL NOTE**

Dr. Kolodner has filed a Motion to Dismiss or, on the alternative, Motion for Issuance of a Stay in the State Court, which has been assigned a hearing date of February 20, 2006.

**CONCLUSION**

For the reasons set forth herein, to be supplemented by those at oral argument, Plaintiff's Motion to Stay Proceedings should be denied.

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

*Lynne M. Radiches*

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

CERTIFICATION

I hereby certify that on this 3rd day of January, 2006, I did cause a true and accurate copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

*Susan M. Cort*

00981011.DOC