David A. DiMarzio
Clerk of Court

# *UNITED STATES DISTRICT COURT*
## *District of Rhode Island*

Paulette Dube
Chief Deputy Clerk

Your case has been assigned number CA 05 515 ML

It has been assigned to:

| | | |
|---|---|---|
| _____ | Chief Judge Torres | initial - T |
| _____ | Judge Lagueux | initial - L |
| _____ | Judge Lisi | initial - ML |
| _____ | Judge Smith | initial - S |

Please be advised that:

No pleadings will be accepted for filing in the Clerk's Office unless the above case number and the initial of the assigned Judge is typed on the pleading.

Plaintiff's counsel is ordered to notify all counsel of record of the full and complete case number and the Judge assignment.

All filings will require the attorney's Rhode Island BAR number on the document.

Thank you for your cooperation.

**BURNS & LEVINSON LLP**
**PARALEGAL ACCOUNT**
1 CITIZENS PLAZA, SUITE 1100
PROVIDENCE, RI 02903

10-02

1273

57-12/115

DATE 10/9/05

PAY TO THE ORDER OF United States District Court Clerk $ 250.00

Two Hundred Fifty 00/100 DOLLARS

CITIZENS BANK
Rhode Island

FOR Koludner

Susan M. Cork

⑈001273⑈ ⑆011500120⑆1119 369 7⑈

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANNA KOLODNER

(b) County of Residence of First Listed Plaintiff NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
LYNNE M. RADICHES, ESQ. (401) 831-8330
ONE CITIZENS PLAZA, 1100, PROVIDENCE, RI 02903

## DEFENDANTS

LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE

County of Residence of First Listed Defendant WASHINGTON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
W. MARK RUSSO, ESQ. (401) 455-1000
55 PINE STREET, PROVIDENCE, RI 02903

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☑ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332

Brief description of cause: Contract Dispute over Construction of a residence.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD Lynne M. Radiches

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ANNA KOLODNER

*Plaintiff*

*v.*

LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE

*Defendants*

CIVIL ACTION NO.: 05 515 ML

## COMPLAINT

Plaintiff, by and through counsel, complains of Defendants and alleges the following:

## PARTIES

1. Plaintiff, Anna Kolodner ("Plaintiff" or "Ms. Kolodner"), is a resident of 26 Columbia Street, Brookline, Massachusetts.

2. Defendant, Lawrence Builders, Inc. ("Lawrence Builders"), is a corporation organized and existing under the laws of the State of Rhode Island, and maintains its principal place of business at 10 Fourth Street, Narragansett, Rhode Island. Upon information and belief, Lawrence Builders is registered with the Rhode Island Contractors' Registration Board.

3. Upon information and belief, Defendant, Steven T. Lawrence ("Mr. Lawrence"), is a resident of 10 Fourth Street, Narragansett, Rhode Island (Lawrence Builders and Mr. Lawrence are referred to collectively herein as "Defendants").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action and the parties hereto, pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

**FACTS**

6. Ms. Kolodner entered into a contract (the "Contract") with Lawrence Builders whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner at 37 Stanton Avenue, Narragansett, Rhode Island (hereinafter, the "Project").

7. Pursuant to the Contract, Ms. Kolodner was to pay Lawrence Builders the sum of $440,550.00 for performance under the Contract, subject to certain additions and deductions.

8. Ms. Kolodner has paid a substantial sum of money to Lawrence Builders.

9. Ms. Kolodner has paid additional costs and expenses to sub-contractors hired by Lawrence Builders, and to suppliers from whom Lawrence Builders ordered materials for the Project.

10. By mid-September of 2005, the work performed by Lawrence Builders was so consistently shoddy, and contained such numerous errors and omissions, that Ms. Kolodner had to hire others to correct and complete the construction of her new residence.

11. To date, Ms. Kolodner has paid additional costs and expenses to others hired to correct and complete the construction of her new residence.

12. Ms. Kolodner continues to discover errors and omissions by Lawrence Builders, for which she continues to incur additional expenses.

13. There were a number of allowances due Ms. Kolodner pursuant to the Contract which were not received. These allowances include, but are not limited to, those for kitchen cabinets; bathroom tiles; kitchen counters; doorknobs; and balusters.

14. There were a number of items identified in the architectural plans for the Project which were ignored and/or changed by Defendants without Ms. Kolodner's knowledge and/or

consent including, but not limited to: the foundation; the basement; floor beams; roof beams; front portico pillars; the ceiling height of the first floor; breakaway panels; and the rear roof line in front of the decks.

15. A number of windows and doors had to be replaced when Defendants failed to secure the residence, resulting in at least one episode of vandalism.

16. Doors in the master bedroom and kitchen were damaged by workmen from Lawrence Builders.

17. Ms. Kolodner instructed Defendants to purchase all of the lumber for the job in advance (to avoid an increase in additional costs by purchasing the lumber over time), which Defendants failed to do.

18. Defendants ignored and/or changed a number of architectural plans, resulting in inaccurate bids on several sub-contracting jobs.

19. Defendants ignored and/or changed a number of architectural plans, resulting in excessive purchases of materials.

20. There are many items which need to be repaired, replaced, or redone because of shoddy workmanship on the part of Defendants. These items include, but are not limited to:

(a) trim moldings not nailed into the wood which need to be secured;

(b) shelves not secured in bedroom;

(c) frame of fireplace which was built incorrectly;

(d) ceiling beams/frames in dining room which were not built evenly;

(e) problems with the trim in circular windows;

(f) stair treads which are not level;

(g) the need to increase size of outside deck so that pillar may have trim;

(h) masonry work in bathrooms which was not done properly;

(i) water coming into the master fireplace;

(j) doors between the living room and family room which do not consider the flooring pattern;

(k) molding trim in kitchen cabinets which was poorly installed and needs to be redone;

(l) the reinstallation of a new drip edge paid for by Ms. Kolodner which had originally been poorly installed;

(m) window trim ordered by Defendants which was not the trim approved by Ms. Kolodner, and which resulted in an additional cost to Ms. Kolodner to have fixed;

(n) the outside screen porch which needs to be redone to hide nails;

(o) trim which did not cover nails in shingles and had to be taken down and replaced after new shingles were added;

(p) drawers for the bathroom vanity which were off by 1/16"; and

(q) the vanity drawer which was constructed with knotty wood despite Ms. Kolodner's instructions that wood without knots be used.

21. Defendants ordered excessive trim, for which Ms. Kolodner was charged, and for which Ms. Kolodner has no use.

22. Defendants failed to submit invoices to Ms. Kolodner in a timely fashion, which often resulted in additional finance costs for which Ms. Kolodner should not be responsible.

23. Ms. Kolodner has been charged by Defendants for a number of miscellaneous items such as tools and books, which belong to Defendants.

24. Defendants are responsible for a number of errors and omissions in the kitchen including, but not limited to:

(a) the failure to install a panel to the left of the refrigerator, resulting in the need to remove and shift all cabinets;

(b) the wrong crown molding being installed over the refrigerator cabinet areas;

(c) the removal and reinstallation of the cabinetry which has affected the counter template;

(d) the cabinetry surrounding the stove hood which was installed several inches too high, and which will need to be removed and reinstalled to accommodate the stainless steel hood.

25. Defendants failed to follow architectural plans for Wolverine beadboard and continuous venting around the house, and instead put in line beadboard with no vents.

**COUNT ONE**
**(Breach of Contract)**

26. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 25 as if set forth in full herein.

27. Lawrence Builders has breached its contract with Ms. Kolodner.

28. As a direct and proximate result of Lawrence Builders' breach of contract, Ms. Kolodner has sustained direct, incidental, and consequential damages, in excess of the balance of her contract with Lawrence Builders.

**COUNT TWO**
**(Negligence)**

29. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 28 as if set forth in full herein.

30. Lawrence Builders owed Ms. Kolodner a duty to perform its services in a workmanlike manner.

31. Lawrence Builders breached its duty owed to Ms. Kolodner.

32. As a direct and proximate result of Lawrence Builders' breach of duty, Ms. Kolodner has sustained direct, incidental, and consequential damages in excess of the balance of her contract with Lawrence Builders.

**COUNT THREE**
**(Misrepresentation)**

33. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 32 as if set forth in full herein.

34. Defendants misrepresented a material fact(s) to Ms. Kolodner.

35. Defendants either knew of the misrepresentation(s), made the misrepresentation(s) without knowledge as to its/their truth or falsity, or made the representation(s) under circumstances in which they ought to have known of its/their falsity.

36. Defendants intended the representation(s) to induce Ms. Kolodner to act on it/them.

37. Ms. Kolodner acted in justifiable reliance on the misrepresentation(s), and suffered injury as a result thereof.

WHEREFORE, Plaintiff Anna Kolodner prays for relief and judgment as follows:

(i) For an award against Lawrence Builders for actual, incidental, and consequential damages sustained in an amount to be determined at trial;

(ii) For an award against Mr. Lawrence for actual, incidental, and consequential damages sustained in an amount to be determined at trial; and

(iii) For such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

ANNA KOLODNER

By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: December 9, 2005

00974634.DOC