**Lynne Radiches**

---

**From:** W. Mark Russo, Esq. [mrusso@frlawri.com]
**Sent:** Friday, December 09, 2005 11:16 AM
**To:** Lynne Radiches
**Cc:** stvmls@aol.com
**Subject:** Lawrence Builders v. Kolodner et al.
**Attachments:** 1209 radiches.pdf

Please see attached.

This e-mail message is subject to attorney-client privilege and contains information intended only for the person(s) named above. If you receive this transmission in error, please notify us immediately. Destroy the original message and all copies.

FERRUCCI RUSSO P.C.
COUNSELLORS AT LAW

*W. Mark Russo*
*mrusso@frlawri.com*

December 9, 2005

***Via e-mail &***
***Via first-class mail***

Lynne M. Radiches, Esq.
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903

***RE: Lawrence Builders, Inc.***

Dear Lynne:

I am in receipt of your correspondence December 8, 2005.

Unfortunately, your client is not going to provide me time to sit down with the clients and seriously discussed the issues that you and I discussed the last time we spoke.

Accordingly, I have filed the enclosed Complaint in Washington County Superior Court.

Please let me know if you will accept service.

Sincerely,

W. MARK RUSSO

WMR/was
Enclosure
cc: Melissa Hillas *(via e-mail)*
Steven Lawrence *(via e-mail)*

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF | DEFENDANT |
|---|---|
| Lawrence Builders, Inc. | Dr. Anna Kolodner, Monty Gold, Herb Arnold, Michael Arnold d/b/a H.L. Arnold Jr. & Associates and Carrigan Engineering, Inc. |
| ID# | ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| (X) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PQ PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL XX YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION#
PRO SE/NAME W. Mark Russo, Esq. #3937 DATE: TODAY 12/9/05

SC223 (REV05-05)

**STATE OF RHODE ISLAND**
**WASHINGTON, SC**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **LAWRENCE BUILDERS, INC.** **PLAINTIFF,** | : | |
| **VS.** | : | **C.A. NO.: WC05-** |
| **DR. ANNA KOLODNER, MONTY GOLD HERB ARNOLD, MICHAEL ARNOLD d/b/a H.L. ARNOLD JR. & ASSOCIATES and CARRIGAN ENGINEERING. INC.** **DEFENDANTS** | : | |

**COMPLAINT**

**Parties**

1. Plaintiff, Lawrence Builders Inc. ("Lawrence") is a Rhode Island corporation having its principal place of business located at 10 Fourth Street, Narragansett, Rhode Island.

2. Defendant, Dr. Anna Kolodner ("Kolodner") is a natural person domiciled at 26 Colombia Street, Brookline, Massachusetts.

3. Defendant, Monty Gold ("Gold") is a natural person domiciled at 26 Colombia Street, Brookline, Massachusetts.

4. Defendants, Herb Arnold and Michael Arnold (collectively, "Architects") of Arnold Design Group, d/b/a H.L. Arnold Jr. & Associates are natural persons located at 15 Sherwood Drive, Westerly, Rhode Island are named herein solely pursuant to R.I. Gen. Laws § 9-30-1.

5. Defendant Carrigan Engineering Inc. ("Carrigan"), a Rhode Island corporation with a place of business at 140 Point Judith Road, Unit A-3, Narragansett, Rhode Island is named herein solely pursuant to R.I. Gen. Laws § 9-30-1.

## Jurisdiction

6. This Superior Court has jurisdiction over the above-entitled action pursuant to R.I. Gen. Laws §§ 9-30-1 et seq., 8-2-13, and 8-2-14.

## Allegations Common to All Counts

7. Kolodner owns property located at 37 Stanton Avenue, Narragansett, Rhode Island (the "Property").

8. Sometime prior to July, 2004, Kolodner desired to build a new residence on the Property (the "House").

9. Subsequently, Kolodner directed Arnold to develop architectural plans and specifications for the House.

10. In turn, Kolodner directed Carrigan to engineer the plans and specifications for the House.

11. On or about July 18, 2004, Lawrence entered into a written contract ("Contract No. 1") with Kolodner to construct the new house.

12. Unbeknownst to Lawrence, the Contract was entered into before the design and engineering for the House was completed.

13. As the engineering and design was completed, it was recognized by all parties that the House, as fully designed and engineered, could not be constructed per the terms of Contract No. 1.

14. Lawrence and Kolodner mutually agreed to rescind Contract No. 1.

15. Lawrence, Kolodner and Gold then entered into a new contract ("Contract No. 2") to complete the construction of the house.

16. Contract No. 2 specified that Lawrence would be paid on an ongoing basis based on the actual labor and materials ("Time and Materials") and not for a sum certain.

17. Thereafter, Lawrence continued to work on the construction of the house pursuant to Contract No. 2.

18. Kolodner and Gold performed under Contract No. 2 and made the Time and Material payments requested.

19. Said Time and Material payments eventually exceeded the original contract value of $440,500 specified in Contract No. 1.

20. As the House neared completion, Kolodner and Gold fell behind on Time and Material payments.

21. Lawrence attempted to collect on the overdue Time and Material payments.

22. After several attempts to collect such overdue payments, Kolodner and Gold suddenly took the position that the project was a sum certain project and that Lawrence owed Kolodner and Gold money.

**Count I – Declaratory Judgment**

23. Lawrence hereby realleges and incorporates by reference Paragraphs 1 through 22 of its Complaint.

24. The legal rights, status and relations of the parties are governed by Contract No. 2.

25. A dispute has arisen between the parties as to the terms and conditions of Contract No. 2.

WHEREFORE, Lawrence respectfully requests this Court enter a declaratory judgment that provides as follows:

a. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that Contract No. 1 was entered into prior to the House plans being fully designed and engineered.

b. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that Lawrence, Kolodner and Gold mutually agreed to cancel and rescind Contract No. 1 and entered into a new contract, Contract No. 2, for the completion of the construction of the house on a time and materials basis.

c. A declaration by this Court, pursuant to, and in accordance with R.I. Gen. Laws § 9-30-1, *et seq.*, that Contract No. 2 represented a novation between the parties that rendered Contract No. 1 null and void.

d. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws §9-30-1, *et seq.*, that Kolodner and Gold are in breach of Contract No. 2 by virtue of their refusal to pay Lawrence as required by Contract No. 2.

e. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws §9-30-1, *et seq.*, that Lawrence is not in breach of Contract No. 2 and is not liable to Kolodner and Gold for any damages, costs, or fees.

f. An award to Lawrence of any and all attorneys' fees, costs and other disbursements or expenses incurred by Lawrence as a result of the above-entitled matter plus further relief as this Court deems fit.

**Count II – Breach of Contract**

26. Lawrence hereby realleges and incorporates by reference Paragraphs 1 through 25 of its Complaint.

27. Kolodner, Gold and Lawrence then entered into a valid and enforceable contract.

28. Lawrence has performed under said contract.

29. Kolodner and Gold have breached said contract.

30. As a result thereof, Lawrence has suffered damages in an amount was proven at trial.

WHEREFORE, Lawrence demands Judgment in the amount equal to all monies owed to it by Kolodner and Gold, plus all reasonable costs and any other relief the Court deems fit.

**Count III – Quasi Contract/Quantum Meruit**

31. Lawrence hereby realleges and incorporates by reference Paragraphs 1 through 30 of its Complaint.

32. Lawrence has completed work on behalf of Kolodner and Gold has thus, conferred a benefit upon Kolodner and Gold in the form of work performed and materials expended on the construction of the house.

33. Kolodner and Gold have appreciated the benefit conferred on their by Lawrence.

34. It would be inequitable to allow Kolodner and Gold to retain the benefit conferred on them by Lawrence without paying Lawrence for the value of the labor and monies expended on the project.

35. Without such payment, Kolodner and Gold will be unjustly enriched at Lawrence's expense.

WHEREFORE, Lawrence demands Judgment and quantum meruit in the amount equal to the value of all work and materials Lawrence has expended to date in the course of his performance under the contract for Kolodner and Gold plus all reasonable costs and any other relief the Court deems fit.

**Count IV – Recission**

36. Lawrence hereby realleges and incorporates by reference Paragraphs 1 through 35 of its Complaint.

37. It was represented to Lawrence that the plans for the House were fully engineered and designed prior to the entry into Contract No. 1 and that Lawrence could rely on the plans.

38. Lawrence relied to its detriment on said representations, plans and specifications.

39. In the alternative, Lawrence and Kolodner made a mutual mistake as to the status of said plans and specifications.

WHEREFORE, Lawrence seeks judgment rescinding Contract No. 1, plus attorneys fees and such other relief as this Court deems appropriate.

**Demand for Jury Trial**

Plaintiff Lawrence hereby demands a jury trial on all issues so triable.

Respectfully submitted,
LAWRENCE BUILDERS, INC.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
Jason P. Knight (#7329)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: December 5, 2005