**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC.,<br>and STEVEN T. LAWRENCE<br><br>*Defendants* | : | CIVIL ACTION NO.: 05-515ML |

**OBJECTION TO DEFENDANT STEVEN T. LAWRENCE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff, Anna Kolodner, by her undersigned attorneys, hereby objects to Defendant Steven T. Lawrence's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granetd for the reasons set forth in the accompanying Memorandum of Law (including exhibits).

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: January 9, 2006

**CERTIFICATION**

I hereby certify that on this 9th day of January, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook

J:\Docs\27899\00001\00980885.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ANNA KOLODNER

*Plaintiff*

*v.* CIVIL ACTION NO.: 05-515ML

LAWRENCE BUILDERS, INC.,
and STEVEN T. LAWRENCE

*Defendants*

**MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT STEVEN T. LAWRENCE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

## INTRODUCTION

Plaintiff, Anna Kolodner ("Ms. Kolodner"), filed the instant action against Defendants, Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Mr. Lawrence"), on December 9, 2005.[1] The Complaint gives Lawrence Builders and Mr. Lawrence fair notice of the claims against them and the grounds upon which those claims rest. Mr. Lawrence seeks to have the Complaint against him dismissed, by asking this Court to hold Plaintiff to an overly technical standard for pleading beyond the minimal pleading requirements of the Federal Rules of Civil Procedure.

[1] Defendants have misrepresented to this Court that Ms. Kolodner filed on December 12, 2005, when in fact they knew that she would be filing on December 9, 2005 (and even had a copy of the Complaint on December 8, 2005). Defendants, knowing full well of Plaintiff's intent to file in Federal Court on December 9, 2005, and after voicing through counsel their opposition to litigating in Federal Court, raced to the Washington County Superior Courthouse on December 9, 2005 (after adding two Rhode Island defendants to try and defeat removal pursuant to diversity jurisdiction) to be able to say that they filed first. This issue is more fully addressed in the Memoranda filed in support of Defendants' Motion to Stay Proceedings Pending a State Court Action, or in the Alternative, Pending Proceedings Under the Rhode Island Arbitration Act,and Plaintiff's Objection thereto.

**BACKGROUND**

The subject of this lawsuit is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). See Exhibit 1. Ms. Kolodner has alleged Breach of Contract and Negligence against Lawrence Builders, and Misrepresentation against Lawrence Builders and Mr. Lawrence (the President of Lawrence Builders), all arising from consistently shoddy work containing numerous errors and omissions which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

In her Complaint, Ms. Kolodner identifies Mr. Lawrence as a defendant separate and apart from Lawrence Builders. See Exhibit 2, ¶ 3. The facts alleged in Ms. Kolodner's Complaint against Lawrence Builders and Mr. Lawrence (collectively, the "Defendants") include but are not limited to:

- That Defendants failed to purchase all of the lumber for the Project in advance (to avoid an increase in additional costs by purchasing the lumber over time), despite having been instructed to do so by Ms Kolodner (See Exhibit 2, ¶ 17);
- That Defendants ordered excessive trim, for which Ms. Kolodner was charged, and for which Ms. Kolodner has no use (See Exhibit 2, ¶ 21);
- That Defendants failed to submit invoices to Ms. Kolodner in a timely fashion, which often resulted in additional finance costs for which Ms. Kolodner should not be responsible (See Exhibit 2, ¶ 22); and
- That Ms. Kolodner has been charged by Defendants for a number of miscellaneous items such as tools and books, which belong to Defendants (See Exhibit 2, ¶ 23).

Plaintiff's payments to Defendants include but were not limited to the following:

Check No. 651
Date: January 12, 2004
Payee: Lawrence Builders
Amount: $ 7,500.00
Endorsement: For Deposit Only-Lawrence Builders Inc.

Check No. 1686
Date: May 23, 2004
Payee: Lawrence
Amount: $4,000.00
Endorsement: Steven T. Lawrence

Check No. 630
Date: December 18, 2004
Payee: Steve Lawrence
Amount: $ 25,750.63
Endorsement: Steven T. Lawrence

See Exhibit 3.

## STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). As articulated by the United States Supreme Court, "the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

## ARGUMENT

### I. The Complaint Gives Defendant Steven T. Lawrence Fair Notice Of The Claim Against Him And The Grounds Upon Which It Rests.

"Rule 8(a) of the Federal Rules of Civil Procedure sets forth the general pleading requirement. A 'short and plain statement of the claim showing that the pleader is entitled to relief' is all that is required under the rule." Boston & Maine Corporation v. Town of Hampton, 987 F.2d 855, 865 (1st Cir. 1993) (citing Fed. R. Civ. P. 8(a)(2)).

The general pleading requirement of Fed. R. Civ. P. 8(a)(2) "may aptly be described as minimal." Id. "An 'intricately detailed description of the asserted basis for relief' is not required." Id. (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50, 80 L. Ed. 2d 196, 104 S. Ct. 1723 n.3 (1984)). "The Complaint must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (citing Cajigas v. Banco de Ponce, 741 F.2d 464, 468 n.12 (1st Cir. 1984) (addition citations omitted)).

Ms. Kolodner's Complaint identifies Mr. Lawrence as a defendant separate and apart from Lawrence Builders. See Exhibit 2, ¶ 3. The Complaint articulates the alleged facts with a particularity which far exceeds the general pleading requirement of Fed. R. Civ. P. 8(a). Count III of the Complaint, which alleges Misrepresentation against both Lawrence Builders and Mr. Lawrence, is fair notice of the claim as against each Defendant, and when read with the Facts, the grounds upon which each claim rests. Further, in accordance with Fed. R. Civ. P. 8(a), the Complaint makes a demand for judgment against each defendant individually. See Exhibit 2, p. 6.

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. (citing Conley v. Gibson, 355 U.S. 41, 48, 2 L. Ed. 80, 78 S. Ct. 99 (1957)). If pleading requirements become "overly technical, parties may not be able to resist the urge to expend resources unduly on motions to dismiss based on insufficiencies that are cured readily by amendment." Id.

The degree of technicality with which Mr. Lawrence would have Plaintiff plead is beyond that necessary to place him on proper notice of the allegations against him. To the extent that any deficiency exists, the situation could be readily cured by an amendment to the Complaint. Plaintiff could file the copies of the checks which presently constitute Exhibit 3 as exhibits to an Amended Complaint, yet it remains well within this Court's discretion to consider those checks at this time when ruling on Mr. Lawrence's Motion to Dismiss.

## II. Defendant Steven T. Lawrence Accepted Checks Payable to Him As An Individual And Endorsed Those Checks By Signing His Own Name Without Any Reference Or Designation To Lawrence Builders, Inc.

"It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." Kennett v. Marquis, 798 A.2d 416, 419 (R.I. 2002) (citing Cardente v. Maggiacomo Insurance Agency, Inc., 108 R.I. 71, 73, 272 A.2d 155, 156 (1971) (additional citation omitted)). "An agent, however, may be personally liable for unauthorized acts outside the scope of the agency,...or for acts within the scope of a duty that is otherwise independent of the agency relationship." Id. (citing Kenney Manufacturing Co. v. Starkweather & Shepley, Inc., 643 A.2d 203, 209 (R.I. 1994) and Forte Brothers, Inc. v. National Amusements, Inc., 525 A.2d 1301, 1303 (R.I. 1987)).

Mr. Lawrence accepted checks payable to him as an individual, and endorsed those checks by signing his own name without any reference or designation to Lawrence Builders Inc. See Exhibit 3. Those acts appear to have been within the scope of a duty, yet also appear to have been otherwise independent of the agency relationship.

The checks made out to "Lawrence" and to "Steve Lawrence" which were then endorsed by Mr. Lawrence as an individual are evidentiary support for Ms. Kolodner's factual contentions against him. These episodes and the circumstances surrounding them will be developed more fully during the discovery stage of litigation.

In the meantime, each of the defendants has been given fair notice of the claims brought by Plaintiff and the grounds upon which those claims rest in accordance with the Federal Court of Civil Procedure.

**CONCLUSION**

For the reasons set forth herein, to be supplemented by those at oral argument, Defendant Steven T. Lawrence's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted should be denied.

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

CERTIFICATION

I hereby certify that on this 9th day of January, 2006, I did cause a true and accurate copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook

J:\Docs\27899\00001\00981168.DOC