**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| **Defendants** | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A STATE COURT ACTION, OR, IN THE ALTERNATIVE, PENDING PROCEEDINGS UNDER THE RHODE ISLAND ARBITRATION ACT**

NOW COME defendants Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("S. Lawrence") (collectively, the "Defendants"), by and through counsel, and hereby reply to plaintiff Anna Kolodner's ("Kolodner") objection to the Defendants' motion to stay proceedings pending a state court action, or, in the alternative pending proceedings under the Rhode Island Arbitration Act as follows:

1. **Notwithstanding that Plaintiff's purported factual recitation is without support in the record, the same should be disregarded insofar as its only intended purpose is to prejudice Defendants' legitimate and reasonable motion to stay**

Insofar as Kolodner's papers are replete with rank misrepresentations and "half-truths" relative to the alleged events leading up to the initiation of the instant action and parallel state court proceeding, and given that the same are wholly immaterial to the Defendants' motion to stay that is presently before the Court, the Defendants do not intend to justify those statements with any substantive response at this point. Instead, the Defendants simply state that these inflammatory aspersions are little more than a thinly veiled attempt by Kolodner to deflect the

Court's attention from the propriety of the underlying request, as well as to mask Kolodner's logic and position regarding the same, which is both circular and without support.

Simply put, Kolodner's "impassioned", yet misguided, theatrics should be disregarded given that they add absolutely nothing to the parties' substantive positions, and support for the same, relative to the Defendants' motion to stay. Thus, they do not merit a reply.

**2. The attendant facts and circumstances permit this Court to "step aside", stay the instant action, and allow the pending parallel state court case to proceed**

The Defendants concede that the general rule in these types of matters provides that the pendency of an action in state court is not an absolute bar to proceedings concerning the same matter in the federal court having jurisdiction. *See Kerotest Mfg. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). However, there are clearly occasions when "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" will allow a federal court to refrain from hearing the case[1]. *Id.* The Defendants submit that the instant matter is just such a case.

Kolodner somehow suggests that the Defendants' request is extraordinary. In fact, to the contrary, it is anything but remarkable. Even more, assuming Kolodner's position is legally correct, the relief now sought by the Defendants is still applicable, and appropriate.

In the first instance, on December 9, 2005, Lawrence Builders commenced an action in the Washington County Superior Court (the "State Court Action") arising out of a business relationship by and among Lawrence Builders, Kolodner, Monty Gold ("Gold"), Herb Arnold and Michael Arnold, d/b/a H.L. Arnold Jr. & Associates and Carrigan Engineering, Inc., which said action was initiated pursuant to R.I. Gen. Laws § 9-30-1, *et seq.*, the Rhode Island

[1] This is commonly known as comity: "[T]he idea that the state courts should not, in certain circumstances, be interfered with." *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F. 3d 56, 69 (1st Cir. 2005).

Declaratory Judgments Act (the "Act"). The business relationship involved Kolodner and Gold, as property owners, engaging Lawrence Builders to construct a residential dwelling in Narragansett, Rhode Island (the "Project"). Herb Arnold and Michael Arnold (collectively, the "Architect") were the Project architects, and Carrigan Engineering, Inc. ("Carrigan") was the Project engineer. *See Lawrence Builders' First Amended Complaint appended hereto as Exhibit A.*

Notwithstanding Kolodner's sensationalist claims, Lawrence Builders filed its action against defendants Kolodner, Gold, the Architect and Carrigan in the State Court Action insofar as R.I. Gen. Laws § 9-30-11 requires that "***all*** persons shall be made parties who have a claim or interest which would be affected by the declaration." R.I. Gen. Laws § 9-30-11. In particular, the Architect was named as a party defendant because it was an identified party to what Kolodner herself alleges was the controlling agreement by and among the parties. Moreover, Carrigan has been named as a party defendant insofar as it was the Project engineer.

Thus, it is clear that Lawrence Builders did little more in the State Court Action than to comply with the clear and unambiguous provisions of the Act. The Architect and Carrigan were not named as party defendants in the State Court Action to "destroy" diversity or to "forum shop" as Kolodner suggests, but simply because they were required to be so named under the Act.

Even more, the crux of the State Court Action is a dispute as to which of the parties' agreements - Kolodner's alleged "Contract No. 1" or Lawrence Builders' alleged "Contract No. 2" - governs the parties' standing and relations. In its first count for declaratory judgment in the First Amended Complaint, Lawrence Builders has requested a declaration from the court, under the Act, that the so-called "Contract No. 2" controls insofar as the parties rescinded "Contract No. 1", and, as such, Lawrence Builders is entitled to be compensated on a time and materials basis, per the parties' subsequent agreement, for work performed relative to the Project. *See*

*Lawrence Builders' First Amended Complaint appended hereto as Exhibit A.* Accordingly, it is clear that a determination must be made in the first instance which agreement controls[2].

Indeed, R.I. Gen. Laws §§ 9-30-2 and 9-30-3 specifically confers the power upon the court to construe and interpret contracts and/or contractual disputes, as well as parties rights and obligations thereunder. As such, it is beyond dispute that Lawrence Builders' commencement of the State Court Action under the Act is appropriate, in all respects, and, thus, this Court should defer to the state court in order that the requested determinations may be made by that court.

Further, in the second count of the First Amended Complaint, Lawrence Builders has pled in the alternative and requested, pursuant to the Act, that to the extent the court were to determine that the so-called "Contract No. 1" controls, a determination must first be made pursuant to R.I. Gen. Law §10-3-5 as to which issue or issues that are before the court are subject to arbitration. *See Exh. A at* ¶ 26. In other words, if the state court were to reach the conclusions that "Contract No. 1" is valid, then the court would then be required to conduct a proceeding in advance of any referral of the matter to arbitration to determine which, if any, issues are subject to arbitration. Under the Rhode Island Arbitration Act, R.I. Gen. Laws §10-3-1, *et seq.*, it is the Superior Court that conducts such a procedure in advance of an arbitration referral.

Thus, under these circumstances, it would be appropriate for this Court to stay the instant proceedings pending an adjudication of the State Court Action on the merits.

**3. <u>The Defendants have not waived their right to arbitration in any matter</u>**

Kolodner baldly asserts that Lawrence Builders has waived any rights to arbitration in any proceeding given the initiation of the State Court Action, and the filing of its instant request.

---

[2] Lawrence Builders has alleged that Contract No. 1 was rescinded, and that the parties subsequently agreed that Lawrence Builders was to proceed with the Project on a time and materials basis, insofar as at the time of Contract No. 1 the Project was neither fully designed nor engineered, thus precluding Lawrence Builders from performing under this agreement.

Koldner's position is misplaced, and wholly contrary to the well-settled law addressing this issue. To the contrary, Lawrence Builders has not waived its rights to arbitrate.

It is well-established that a party waives its arbitration rights only if it has engaged the machinery of litigation in a dramatic, substantial, and decisive manner coupled with the failure to assert their right to arbitration. *See Newman v. Valleywood Associates, Inc.*, 874 A.2d 1286, 1291 (R.I. 2005); *North Smithfield Teachers Association v. North Smithfield School Committee*, 461 A.2d 930, 933 (1983).

"General formulations of what constitutes a waiver in a particular case are of limited usefulness, as the decision normally turns not on some mechanical act, but on all of the facts of the case." *North Smithfield Teachers Association*, 461 A. 2d 930, 933 (citing *Weight Watchers of Quebec Ltd. v. Weight Watchers International, Inc.*, 398 F. Supp. 1057, 1059 (E.D. N.Y. 1975)). Paramount among the factors the courts look to in determining if a waiver indeed has occurred is the lack of a motion to stay the litigation pending arbitration. *North Smithfield Teachers Association*, 461 A.2d at 933; *Brissette v. Potter*, 560 A. 2d 324, 326 (R.I. 1989); *Soprano v. American Hardware Mutual Insurance Co.*, 491 A. 2d 1008, 1010 (R.I. 1985). Additionally, courts also look to see how far the litigation has proceeded to help determine if there has been waiver of arbitration rights. *See, generally, Newman*, 874 A. 2d at 1291. Although no one factor is conclusive, a party must take significant step to invoke the judicial machinery before their rights to arbitrate are deemed waived. *Id. See, for example, Brissette,* 560 A.2d 324, 326 (arbitration rights waived by pursuing case through summary judgment and not moving for a stay of proceedings); *Soprano,* 491 A. 2d at 1010-1011 (arbitration rights waived by participating in discovery); *North Smithfield Teachers Association,* 461 A. 2d at 933 (arbitration rights waived after litigating issues over the course of two years prior to asserting arbitration rights).

In the instant matter, Lawrence Builders has moved this Court to stay these proceedings pending arbitration, or, in the alternative, pending the disposition of the State Court Action. Even more, in the State Court Action, Lawrence Builders has requested relief pursuant to R.I. Gen. Laws 10-3-1, *et seq.*, the Rhode Island Arbitration Act. Thus, it is beyond dispute that Lawrence Builders' First Amended Complaint expressly contemplates, and implicates, arbitration. As such, there has been no waiver of arbitration by the Defendants, and, more particularly, with respect to Lawrence Builders[3].

4. **<u>Even assuming a determination in favor Kolodner that Contract No. 1 controls, the instant action should be stayed pending arbitration</u>**

Kolodner argues in her Complaint in the instant action that the alleged "Contract No. 1" controls. "Contract No. 1" is a standard form AIA construction agreement, which clearly provides in the body of the agreement, "Any Claim arising out of or related to the Contract... ***shall***... be subject to arbitration." (Emphasis supplied.) *See AIA General Conditions §4.6.1 appended hereto as Exhibit B. See also, Exhibit B appended hereto at §4.6.*1 ("Claims not resolved by mediation ***shall*** be decided by arbitration...") (Emphasis supplied.)

Further, Kolodner suggests that a stay is inappropriate because the arbitration clause was "buried" in the purported contract, and thus not easily recognizable. As such, Kolodner opines that the arbitration clause is not applicable to Kolodner. This argument, however, is flawed.

First, location of the arbitration provision in a contract is irrelevant to the question of the applicability of the arbitration requirement. Second, the contract that Kolodner has sued on, Contract No. 1, is an American Institute of Architects ("AIA") contract. The AIA contract is the industry standard form contract for the construction business and, as such, contains a dispute

---

[3] In any case, merely filing a complaint is not a significant enough step down the litigation road to say that Lawrence has waived its rights to arbitration. *Soprano*, 441 A. 2d at 1010 (seeking relief in a judicial forum first, a party is not precluded absolutely from later attempting to settle this suit by other lawful alternatives such as arbitration.)

resolution process that necessitates arbitration clause in its general conditions. Further, "Contract No. 1" expressly states that the General Conditions are part of the contract. *See Contract No. 1 appended hereto as Exhibit C.* Thus, it is clear that the contract specifies the arbitration clause is part of the contract.

Assuming, *arguendo*, that the applicability of the arbitration provision in Contract No. 1 is in question, under Rhode Island statute, the issue of the applicability of the arbitration provision must be submitted to a jury for determination before any other proceedings in the case. R.I. Gen. Laws §10-3-5. As such, in any event, this Court should stay the case to make way for issues relating to arbitration of the dispute.

WHEREFORE, for the foregoing reasons, the Defendants respectfully pray that this Court enter an order staying the instant action, and that this Court award to the Defendants such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

LAWRENCE BUILDERS, INC. & STEVEN T. LAWRENCE

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: January 12, 2006

**Certificate of Service**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 12th day of January, 2006:

**Lynne M. Radiches, Esq.**
Burns & Levinson, LLP
One Citizens Plaza – Suite 1100
Providence, RI 02903