**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANT, LAWRENCE BUILDERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Lawrence Builders, Inc. ("Lawrence Builders"), by and through counsel, and hereby answers and responds to Plaintiff, Anna Kolodner's ("Kolodner") Complaint in the above-entitled action as follows:

**Parties**

1. Lawrence Builders is without information or knowledge sufficient to form a belief as to the allegations set forth in Paragraph 1. Therefore, the allegations in Paragraph 1 are denied.

2. Admitted.

3. Lawrence Builders admits to Mr. Lawrence's residence. The remainder of Paragraph 3 is denied.

**Jurisdiction and Venue**

4. Kolodner is left to her proof. Therefore, the allegations set forth in Paragraph 4 are denied.

5. Kolodner is left to her proof. Therefore, the allegations set forth in Paragraph 5 are denied.

## Facts

6. Lawrence Builders admits that the document was executed. Lawrence Builders avers that the terms and conditions of said document speak for themselves. Lawrence Builders avers that said document was rescinded, novated and, thus, rendered null and void. Lawrence Builders denies the remaining allegations set forth in Paragraph 6.

7. Lawrence Builders admits that the document was executed. Lawrence Builders avers that the terms and conditions of said document speak for themselves. Lawrence Builders avers that said document was rescinded, novated and, thus, rendered null and void. Lawrence Builders denies the remaining allegations set forth in Paragraph 7.

8. Lawrence Builders admits that Kolodner, and an individual named Monty Gold ("Gold"), paid substantial sums of money to Lawrence Builders under a "time and materials" agreement. Lawrence Builders denies the remaining allegations set forth in Paragraph 8.

9. Lawrence Builders admits that the document was executed. Lawrence Builders avers that the terms and conditions of said document speak for themselves. Lawrence Builders avers that said document was rescinded, novated and, thus, rendered null and void. Lawrence Builders denies the remaining allegations set forth in Paragraph 9. Lawrence Builders admits that Kolodner and Gold paid certain sums of money to subcontractors engaged by Lawrence Builders, as well as to suppliers from whom Lawrence Builders ordered materials for the Project in accord with the parties' time and materials agreement. Lawrence Builders denies the remaining allegations set forth in Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Lawrence Builders admits that the document was executed. Lawrence Builders avers that the terms and conditions of said document speak for themselves. Lawrence Builders avers that said document was rescinded, novated and, thus, rendered null and void. Further, Lawrence Builders admits that Kolodner and Gold paid substantial sums of money to Lawrence Builders under a "time and materials" agreement. Lawrence Builders denies the remaining allegations set forth in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**Count One**
**Breach of Contract**

26. Lawrence Builders realleges and incorporates its answers and responses to Paragraphs 1 through 25 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

27. Denied.

28. Denied.

**Count Two**
**Negligence**

29. Lawrence Builders realleges and incorporates its answers and responses to Paragraphs 1 through 28 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

30. Denied.

31. Denied.

32. Denied.

**Count Three**
**Misrepresentation**

33. Lawrence Builders realleges and incorporates its answers and responses to Paragraphs 1 through 32 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Kolodner fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Kolodner fails to state a claim upon which relief can be granted against an agent of a disclosed principal, *to wit*, co-defendant Steven T. Lawrence.

**Third Affirmative Defense**

Lawrence Builders affirmatively pleads the doctrines of estoppel, waiver and laches, respectively.

**Fourth Affirmative Defense**

Lawrence Builders affirmatively pleads the doctrine of novation.

**Fifth Affirmative Defense**

Lawrence Builders affirmatively pleads the doctrine of rescission

**Sixth Affirmative Defense**

Lawrence Builders affirmatively pleads the doctrine of mutual mistake.

**Seventh Affirmative Defense**

Lawrence Builders affirmatively pleads that the contract allegedly entered into was rendered null and void by agreement, and the parties pursued a "time and materials" billing for the project.

**Eighth Affirmative Defense**

Lawrence Builders affirmatively pleads Plaintiff's failure to procure fully designed and engineered plans prior to the commencement of construction.

**Ninth Affirmative Defense**

Lawrence Builders affirmatively pleads failure to mitigate.

**Tenth Affirmative Defense**

Lawrence Builders affirmatively pleads failure to join necessary parties.

**Eleventh Affirmative Defense**

Lawrence Builders affirmatively pleads contributory negligence.

**Twelfth Affirmative Defense**

Kolodner's claims are precluded by her own breach of the parties' "time and materials" agreement.

**Thirteenth Affirmative Defense**

Lawrence Builders affirmatively pleads unclean hands.

**Fourteenth Affirmative Defense**

Kolodner's claims are precluded by impossibility of performance.

**Fifteenth Affirmative Defense**

Lawrence Builders affirmatively pleads unjust enrichment.

**Sixteenth Affirmative Defense**

Kolodner's claims are precluded by her failure to substantially perform under the parties' "time and materials" agreement.

**Seventeenth Affirmative Defense**

Lawrence Builders reserves the right to amend the within answer, and add such additional affirmative defenses as may become known during the course of the instant litigation.

WHEREFORE, Lawrence Builders respectfully prays that this Court dismiss and deny Kolodner's Complaint, with prejudice, that this Court enter judgment in favor of Lawrence Builders, and against Kolodner, upon Kolodner's Complaint, that this Court award to Lawrence Builders any and all reasonable attorneys' fees, costs and expenses incurred in defending the instant litigation, and that this Court award to Lawrence Builders such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Defendant, Lawrence Builders, Inc.

By its Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

## Jury Demand

Defendant, Lawrence Builders, Inc. hereby demands a trial by jury on all counts so triable.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**LAWRENCE BUILDERS, INC. (Counterclaimant and Third-Party Plaintiff); and STEVEN T. LAWRENCE,**<br><br>**Defendants,**<br><br>**vs.**<br><br>**MONTY GOLD,**<br><br>**Third-Party Defendant** | : | **C.A. No.: 05-515/ML** |

**DEFENDANT, LAWRENCE BUILDERS, INC.'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

**Parties**

1. Defendant/Plaintiff-in-Counterclaim/Third-Party Plaintiff, Lawrence Builders Inc. ("Lawrence Builders") is a Rhode Island corporation, having its principal place of business located at 10 Fourth Street, Narragansett, Rhode Island.

2. Plaintiff/Defendant-in-Counterclaim, Anna Kolodner ("Kolodner") is a natural person domiciled at 26 Colombia Street, Brookline, Massachusetts.

3. Third-party Defendant, Monty Gold ("Gold") is a natural person domiciled at 26 Colombia Street, Brookline, Massachusetts.

**Allegations Common to All Counts**

4. Upon information and belief, Kolodner owns property located at 37 Stanton Avenue, Narragansett, Rhode Island (the "Property").

5. Sometime prior to July, 2004, Kolodner desired to build a new residence on the Property (the "Project").

6. Subsequently, Kolodner directed the Project architect to develop architectural plans and specifications for the Project.

7. In turn, Kolodner directed the Project engineer to engineer the plans and specifications for the Project.

8. On or about July 18, 2004, Lawrence Builders entered into a written contract ("Contract No. 1") with Kolodner to construct the Project.

9. Unbeknownst to Lawrence Builders, the Contract was entered into before the design and engineering for the Project was completed.

10. As the engineering and design was being completed, it was recognized by all parties that the Project, as the same would be fully designed and engineered, could not be constructed per the terms of Contract No. 1.

11. Lawrence Builders and Kolodner mutually agreed to rescind Contract No. 1.

12. Lawrence Builders, Kolodner and Gold then entered into a new contract ("Contract No. 2") to complete the construction of the Project.

13. Contract No. 2 specified that Lawrence Builders would be paid on an ongoing basis based on the actual labor and materials relative to the Project, *to wit*, on a "time and materials" basis, and not for a sum certain.

14. Thereafter, Lawrence Builders continued to work on the construction of the Project pursuant to Contract No. 2.

15. Kolodner and Gold performed under Contract No. 2, and, further, made the agreed-upon time and materials payments requested by Lawrence Builders.

16. Said time and materials payments eventually exceeded the original contract value of $440,500.00 specified in Contract No. 1.

17. As the Project neared completion, Kolodner and Gold fell behind on the agreed-upon time and material payments.

18. Lawrence Builders attempted to collect on the overdue time and materials payments.

19. Notwithstanding the parties' continued course of conduct and dealing during the Project, after several attempts to collect such overdue payments, Kolodner and Gold suddenly took the position that the Project was a sum certain project and that Lawrence Builders owed Kolodner and Gold money.

**Count I – Declaratory Judgment**

20. Lawrence Builders hereby realleges and incorporates by reference Paragraphs 1 through 19 of its Counterclaim/Third-Party Complaint.

21. The legal rights, status and relations of the parties are governed by Contract No. 2.

22. A dispute has arisen among the parties as to the terms and conditions of Contract No. 2.

WHEREFORE, Lawrence Builders respectfully requests this Court enter a declaratory judgment that provides as follows:

a. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that Contract No. 1 was entered into prior to the Project plans being fully designed and engineered.

b. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that Lawrence Builders, Kolodner and Gold mutually agreed to cancel and rescind, Contract No. 1, and thereafter entered into a new contract, Contract No. 2, for the completion of the construction of the Project on a time and materials basis.

c. A declaration by this Court, pursuant to, and in accordance with R.I. Gen. Laws § 9-30-1, *et seq.*, that Contract No. 2 represented a novation by and among the parties that rendered Contract No. 1 null and void.

d. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws §9-30-1, *et seq.*, that Kolodner and Gold are in breach of Contract No. 2 by virtue of their refusal to pay Lawrence Builders as required by Contract No. 2.

e. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws §9-30-1, *et seq.*, that Lawrence Builders is not in breach of Contract No. 2, and is not liable to Kolodner and Gold for any damages, costs, or fees.

f. An award to Lawrence Builders of any and all attorneys' fees, costs and other disbursements or expenses incurred by Lawrence as a result of the above-entitled matter, plus such other further relief as this Court may deem fair, just and reasonable.

**Count II – Declaratory Judgment**

23. Lawrence Builders hereby realleges and incorporates by reference Paragraphs 1 through 22 of its Counterclaim/Third-Party Complaint.

24. To the extent that a determination is made that Contract No. 1 is a legally valid, binding and/or enforceable contract, the legal rights, status and relations of the parties would then be governed by Contract No. 1.

25. As such, a dispute will have arisen among the parties as to the terms and conditions of Contract No. 1.

WHEREFORE, Lawrence Builders respectfully requests this Court enter a declaratory judgment

that provides as follows:

a. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, as to what issues and/or disputes, if any, under Contract No. 1 are subject to arbitration and/or arbitratable pursuant to R.I. Gen. Laws §10-3-1, *et seq.*

b. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that this Court must, in the first instance, determine, pursuant to R.I. Gen. Laws §10-3-5, which, if any, issues and/or disputes are subject to arbitration under Contract No. 1 in advance of any referral to arbitration in the above-entitled action.

c. A declaration by this Court, pursuant to, and in accordance with, R.I. Gen. Laws § 9-30-1, *et seq.*, that the above-entitled action shall be referred to arbitration only after this Court has determined, pursuant to R.I. Gen.

Laws §10-3-5, which, if any, issues and/or disputes are subject to arbitration.

d. An award to Lawrence Builders of any and all attorneys' fees, costs and other disbursements or expenses incurred by Lawrence as a result of the above-entitled matter, plus such other further relief as this Court may deem fair, just and reasonable.

**Count III – Breach of Contract**

26. Lawrence Builders hereby realleges and incorporates by reference Paragraphs 1 through 25 of its Counterclaim/Third-Party Complaint.

27. Kolodner, Gold and Lawrence Builders then entered into a legally valid, binding and enforceable contract, *to wit*, the time and materials agreement.

28. Lawrence Builders has performed under said contract.

29. Kolodner and Gold have breached said contract.

30. As a result thereof, Lawrence Builders has suffered damages in an amount to be proven at trial.

WHEREFORE, Lawrence demands Judgment in favor of Lawrence Builders, and against Kolodner and Gold, jointly and severally, in the amount equal to all monies owed to it by Kolodner and Gold, together with legal interest thereon, plus any and all reasonable attorneys' fees and costs incurred herein, pursuant to R.I. Gen. Laws § 9-1-45, and such other further relief as this Court may deem fair, just and reasonable.

**Count III – Quasi Contract/Quantum Meruit**

31. Lawrence Builders hereby realleges and incorporates by reference Paragraphs 1 through 30 of its Counterclaim/Third-Party Complaint.

32. Lawrence Builders has completed work on behalf of Kolodner and Gold, and, as such, Lawrence Builders has conferred a benefit upon Kolodner and Gold in the form of work performed and materials expended on the construction of the Project.

33. Kolodner and Gold have appreciated the benefit conferred on their by Lawrence Builders.

34. It would be inequitable to allow Kolodner and Gold to retain the benefit conferred on them by Lawrence Builders without paying Lawrence Builders for the value of the labor and monies expended on the Project.

35. Without such payment, Kolodner and Gold will be unjustly enriched at Lawrence Builders' expense.

WHEREFORE, Lawrence Builders demands Judgment and quantum meruit in favor of Lawrence Builders, and against Kolodner and Gold, jointly and severally, in the amount equal to the value of all work and materials Lawrence Builders has expended to date in the course of its performance under the contract for Kolodner and Gold, plus any and all reasonable attorneys' fees and costs, pursuant to R.I. Gen. Laws § 9-1-45, and such other further relief as this Court may deem fair, just and reasonable.

**Count IV – Recission**

36. Lawrence Builders hereby realleges and incorporates by reference Paragraphs 1 through 35 of its Counterclaim/Third-Party Complaint.

37. It was represented to Lawrence Builders that the plans and specifications for the Project were fully engineered and designed prior to the entry into Contract No. 1, and that Lawrence could rely upon the same.

38. Lawrence Builders relied, to its detriment, on said representations, plans and/or specifications.

39. In the alternative, Lawrence Builders and Kolodner made a mutual mistake as to the status of said plans and specifications.

WHEREFORE, Lawrence Builders seeks Judgment in favor of Lawrence Builders, and against Kolodner, rescinding Contract No. 1, plus an award of attorneys' fees and costs in connection with the instant matter, and such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Defendant, Plaintiff-in-Counterclaim/Third-Party Plaintiff, Lawrence Builders, Inc.

By its Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

**Jury Demand**

Defendant/Plaintiff-in-Counterclaim/Third-Party Plaintiff, Lawrence Builders, Inc. hereby demands a trial by jury on all counts so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 3rd day of March, 2006

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza – Suite 1100
Providence, RI 02903

Darlene Morris