**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| | : | |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANT, STEVEN T. LAWRENCE 'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Steven T. Lawrence ("Lawrence"), by and through counsel, and hereby answers and responds to Plaintiff, Anna Kolodner's ("Kolodner") Complaint in the above-entitled matter as follows:

**Parties**

1. Lawrence is without information sufficient to form a belief as to the allegations set forth in Paragraph 1. Therefore, the allegations in Paragraph 1 are denied.

2. Admitted.

3. Lawrence admits to his residence. The remainder of Paragraph 3 is denied.

**Jurisdiction and Venue**

4. Kolodner is left to her proof. Therefore, the allegations set forth in Paragraph 4 are denied.

5. Kolodner is left to her proof. Therefore the allegations set forth in Paragraph 5 are denied.

**Facts**

6. Lawrence admits that the document was executed. Lawrence avers that the terms and conditions of said document speak for themselves. Lawrence avers that said document was rescinded, novated and, thus, rendered null and void. Lawrence denies the remaining allegations set forth in Paragraph 6.

7. Lawrence admits that the document was executed. Lawrence avers that the terms and conditions of said document speak for themselves. Lawrence avers that said document was rescinded, novated and, thus, rendered null and void. Lawrence denies the remaining allegations set forth in Paragraph 7.

8. Lawrence admits that Kolodner, and an individual named Monty Gold ("Gold"), paid substantial sums of money to co-defendant Lawrence Builders, Inc. ("Lawrence Builders") under a "time and materials" agreement. Lawrence denies the remaining allegations set forth in Paragraph 8.

9. Lawrence admits that the document was executed. Lawrence avers that the terms and conditions of said document speak for themselves. Lawrence avers that said document was rescinded, novated and rendered null and void. Lawrence denies the remaining allegations set forth in Paragraph 9. Lawrence admits that Kolodner and Gold paid certain sums of money to subcontractors engaged by Lawrence Builders, as well as to suppliers from whom Lawrence Builders ordered materials for the subject project in accord with the parties' time and materials agreement. Lawrence denies the remaining allegations set forth in Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Lawrence admits that the document was executed. Lawrence avers that the terms and conditions of said document speak for themselves. Lawrence avers that said document was rescinded, novated and, thus, rendered null and void. Further, Lawrence admits that Kolodner and Gold paid substantial sums of money to Lawrence Builders under a "time and materials" agreement. Lawrence denies the remaining allegations set forth in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**Count One**
**Breach of Contract**

26. Lawrence realleges and incorporates its answers and responses to Paragraphs 1 through 25 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

27. Denied.

28. Denied.

**Count Two**
**Negligence**

29. Lawrence realleges and incorporates its answers and responses to Paragraphs 1 through 28 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

30. Denied.

31. Denied.

32. Denied.

**Count Three**
**Misrepresentation**

33. Lawrence realleges and incorporates its answers and responses to Paragraphs 1 through 32 as if the same were stated and/or set forth more fully therein, and hereby incorporates the same herein by reference.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Kolodner fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Kolodner's claims are precluded insofar as Lawrence is the agent of a disclosed principal.

**Third Affirmative Defense**

Lawrence affirmatively pleads the doctrines of estoppel, waiver and laches, respectively.

**Fourth Affirmative Defense**

Lawrence affirmatively pleads the doctrine of novation.

**Fifth Affirmative Defense**

Lawrence affirmatively pleads the doctrine of rescission

**Sixth Affirmative Defense**

Lawrence affirmatively pleads the doctrine of mutual mistake.

**Seventh Affirmative Defense**

Lawrence affirmatively pleads that the contract allegedly entered into was rendered null and void by agreement, and the parties pursued a "time and materials" billing for the project.

**Eighth Affirmative Defense**

Lawrence affirmatively pleads Plaintiff's failure to procure fully designed and engineered plans prior to the commencement of construction.

**Ninth Affirmative Defense**

Lawrence affirmatively pleads failure to mitigate.

**Tenth Affirmative Defense**

Lawrence affirmatively pleads failure to join necessary parties.

**Eleventh Affirmative Defense**

Lawrence affirmatively pleads contributory negligence.

**Twelfth Affirmative Defense**

Kolodner's claims are precluded by her own breach of the Lawrence Builders, Kolodner and Gold's "time and materials" agreement.

**Thirteenth Affirmative Defense**

Kolodner's claims are precluded by unclean hands.

**Fourteenth Affirmative Defense**

Kolodner's claims are precluded by impossibility of performance.

**Fifteenth Affirmative Defense**

Defendant affirmatively pleads unjust enrichment.

**Sixteenth Affirmative Defense**

Kolodner's claims are precluded by her failure to substantially perform under the parties' "time and materials" agreement.

**Seventeenth Affirmative Defense**

Kolodner’s claims are precluded insofar as, at all times relevant hereto, Lawrence was acting within the scope of his corporate authority as an officer of Lawrence Builders.

**Eighteenth Affirmative Defense**

Defendant reserves the right to amend the within answer, and add such additional affirmative defenses as may become known during the course of the instant litigation.

WHEREFORE, Lawrence respectfully prays that this Court dismiss and deny Kolodner's Complaint, with prejudice, that this Court enter judgment in favor of Lawrence, and against Kolodner, that this Court award to Lawrence any and all reasonable attorneys' fees, costs and expenses incurred in defending the instant litigation, and that this Court award to Lawrence such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Defendant, Steven T. Lawrence

By his Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

**Jury Demand**

Defendant, Steven T. Lawrence hereby demands a trial by jury on all counts so triable.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. No.: 05-515/ML** |
| **LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE,** | : | |
| **Defendants** | : | |

**DEFENDANT, STEVEN T. LAWRENCE 'S COUNTERCLAIM**

**Parties**

1. Defendant/Plaintiff-in-Counterclaim, Steven T. Lawrence ("Lawrence") is a domiciled resident and inhabitant of the State of Rhode Island. At all times relevant hereto, Lawrence was acting within the scope of his corporate authority in his capacity as an officer of Co-Defendant, Lawrence Builders, Inc. ("Lawrence Builders").

2. Plaintiff/Defendant-in-Counterclaim, Anna Kolodner ("Kolodner") is a natural person domiciled at 26 Colombia Street, Brookline, Massachusetts.

**Allegations Common to All Counts**

3. On or about December 9, 2005, Kolodner filed the instant action against Lawrence and Lawrence Builders, which said action is more commonly known, and identified as *Anna Kolodner vs. Lawrence Builders, Inc., et al.,* C.A. No.: 05-515/ML (the "Complaint").

4. In Paragraph 6 of the Complaint, Kolodner alleges that she entered into a purported contract with Lawrence Builders whereby Lawrence Builders agreed to construct a residence for Kolodner at 37 Stanton Avenue, Narragansett, Rhode Island (the "Project").

5. In Paragraph 7 of the Complaint, Kolodner alleges that pursuant to the purported contract, Kolodner was to pay Lawrence Builders the sum of $440,550.00 for performance under the contract, subject to certain additions and/or deductions.

6. In Paragraph 8 of the Complaint, Kolodner alleges that she paid a substantial sum of money to Lawrence Builders, under the parties' purported contract relative to the Project.

7. In Paragraph 9 of the Complaint, Kolodner alleges that she paid additional costs and expense to subcontractors hired by Lawrence Builders, and to suppliers to whom Lawrence Builders ordered materials for the Project.

8. In Paragraph 10 of the Complaint, Kolodner alleges that by mid-September, 2005, the work performed by Lawrence Builders was purportedly defective, which required Kolodner to hire others to correct and complete the construction of the Project.

9. In Paragraph 12 of the Complaint, Kolodner alleges that she continues to discover errors and omissions by Lawrence Builders, for which she continues to incur additional expenses.

10. Nowhere in the Complaint does Kolodner allege that Lawrence was acting beyond the scope of his corporate authority or that Kolodner otherwise had any relationship and/or agreement with Lawrence in his individual capacity.

**Count I – Abuse of Process**

11. Lawrence hereby realleges and incorporates by reference Paragraphs 1 through 10 of his Counterclaim.

12. At all times relevant hereto, Lawrence was acting within the scope of his corporate authority as an officer of Lawrence Builders.

13. Kolodner instituted the instant legal action and/or proceeding against Lawrence, *to wit,* the Complaint, in his individual capacity.

14. Notwithstanding, nowhere in the Complaint does Kolodner allege that Lawrence was acting beyond the scope of his corporate authority or that she otherwise had any contractual and/or other relationship with Lawrence.

15. Kolodner has wrongfully and/or for an ulterior purpose named Lawrence, in his individual capacity, as a defendant in the Complaint.

16. Kolodner has named Lawrence as a defendant in the Complaint to achieve a purpose for which the instant legal proceeding was not designed to accomplish.

17. Kolodner's commencement of the instant action against Lawrence, in his individual capacity, was malicious, willfully wanton and reckless in nature.

18. As a direct and proximate result of Kolodner's wrongful conduct, Lawrence has been, and continues to be, injured, harmed and/or damaged.

WHEREFORE, Lawrence demands Judgment in his favor, and against Kolodner, in an amount to be proven at trial, together with legal interest thereon, plus an award of any and all reasonable attorneys' fees, costs and expenses incurred in the defense of the Complaint, and such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Defendant/Plaintiff-in-Counterclaim, Steven T. Lawrence

By his Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

## Jury Demand

Defendant/Plaintiff-in-Counterclaim, Steven T. Lawrence hereby demands a trial by jury on all counts so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 3rd day of March, 2006.

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza – Suite 1100
Providence, RI 02903

Darlene Morris