UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNA KOLODNER, Plaintiff | : | |
| vs. | : | C.A. No.: 05-515/ML |
| LAWRENCE BUILDERS, INC.; and STEVEN T. LAWRENCE, Defendants | : | |

**DEFENDANTS, LAWRENCE BUILDERS, INC. & STEVEN T. LAWRENCE'S MOTION TO CONSOLIDATE**

NOW COME Defendants Lawrence Builders Inc. ("Lawrence Builders") and Steven T. Lawrence ("Lawrence") (collectively, the "Defendants"), and each of them, pursuant to Rule 42 of the Federal Rules of Civil Procedure, by and through counsel, and hereby move this Court to consolidate the above-entitled action with another action presently pending before this Court, which said case is more commonly known, and identified, as *Lawrence Builders, Inc. v. Dr. Anna Kolodner, et al.*, C.A. No. 06-13/ML.

In support of the within request, the Defendants represent that the instant action and *Lawrence Builders, Inc. v. Dr. Anna Kolodner, et al.*, involves common parties and common issues of fact and/or law. Thus, in the interests of judicial economy, and for the convenience of the parties, and the Court, in terms of savings in time, effort and expense with respect to these matters consolidation is both appropriate and warranted. Even more, the Defendants submit that the requested consolidation will not result in demonstrable prejudice to plaintiff Anna Kolodner ("Kolodner"), whether in this case or the *Lawrence Builders, Inc. v. Dr. Anna Kolodner* matter.

In further support of the Defendants' motion, the Defendants submit the accompanying memorandum.

Respectfully submitted,

Defendants, Lawrence Builders, Inc. & Steven T. Lawrence,

By their Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 3rd day of March, 2006:

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza - Suite 1100
Providence, RI 02903

Darlene Morris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNA KOLODNER,<br><br>Plaintiff<br><br>vs.<br><br>LAWRENCE BUILDERS, INC.; and<br>STEVEN T. LAWRENCE,<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 05-515/ML |

**DEFENDANTS, LAWRENCE BUILDERS, INC. & STEVEN T. LAWRENCE'S MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

NOW COME Defendants, Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Lawrence") (collectively, the "Defendants"), and each of them, pursuant to Rule 42 of the Federal Rules of Civil Procedure, and hereby submit the within memorandum in support of the Defendants' accompanying motion to consolidate the instant action ("C.A. No.: 05-515/ML") with another presently pending matter before this Court, which said case is more commonly known, and identified, as *Lawrence Builders, Inc. v. Dr. Anna Kolodner, et al.*, C.A. No.: 06-013/ML ("C.A. No.: 05-515/ML").

**Pertinent Facts**

On or about December 9, 2005, Plaintiff, Anna Kolodner ("Kolodner") filed her Complaint in this Court in the instant case against Lawrence Builders and Lawrence. *A true and accurate copy of Kolodner's* C.A. No.: *05-515/ML Complaint is appended hereto as Exhibit A.*

Kolodner's C.A. No.: 05-515/ML Complaint alleged that on or about July 18, 2004, she and Lawrence Builders entered into a contract for the construction of a new residence at 37 Stanton Avenue, Narragansett, Rhode Island (the "Project"). The Complaint in this case further

alleges that Kolodner paid substantial sums under the purported contract to Lawrence Builders, that Lawrence Builders performed under the purported contract, that Lawrence Builders engaged certain subcontractors and ordered certain materials under the purported contract relative to the Project, and that certain of Lawrence Builders' work performed under the purported contract was deficient and unworkmanlike[1]. Finally, Kolodner's Complaint avers that there were a number of cost overruns and several other problems stemming from Lawrence Builders' work on the Project. The C.A. No.: 05-515/ML Complaint advances claims against Lawrence Builders and Lawrence alleging breach of contract, negligence and misrepresentation.

On that same date, Lawrence Builders filed a similar case in the Washington County Superior Court. Shortly thereafter, Lawrence Builders filed its First Amended Complaint in the Superior Court in that same matter. *A true and accurate copy of Lawrence Builders' First Amended Complaint is appended hereto as Exhibit B.* In lieu of filing a responsive pleading in the Superior Court action, the defendants[2] in that case filed a motion to remove the same to this Court. Ultimately, the case was removed to this Court, and became known as CA No.: 06-13/ML.

Lawrence Builders initiated, what has since become the C.A. No.: 06-13/ML case, based upon a business relationship by and among Kolodner, Monty Gold ("Gold"), Herb Arnold and

[1] The Court should take notice that the allegations advanced by Kolodner in her C.A. No.: 05-515/ML Complaint are a judicial admission that Kolodner had no contractual or other relationship with Lawrence, in his individual capacity. Moreover, nowhere in Kolodner's C.A. No.: 05-515/ML Complaint does she allege that, at any time, Lawrence acted beyond the scope of his corporate authority. At all times relevant thereto, Lawrence was an officer of Lawrence Builders.

[2] The original defendants to the Superior Court action were Kolodner, Monty Gold, Herb Arnold and Michael Arnold, d/b/a H.L. Arnold, Jr. & Associates and Carrigan Engineering, Inc.

Michael Arnold, d/b/a H.L. Arnold, Jr. & Associates, and Carrigan Engineering, Inc[3]. The C.A. No.: 06-013/ML case was commenced pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, the Rhode Island Declaratory Judgments Act.

The above-identified parties' business relationship involved, initially, Kolodner entering into a contract - so-called Contract No. 1 - with Lawrence Builders wherein Lawrence Builders agreed to construct the Project for a sum certain. Herb Arnold and Michael Arnold, d/b/a H.L. Arnold, Jr. & Associates and Carrigan Engineering, Inc. were identified as the Project architect(s) under Contract No. 1. At the time the parties entered into Contract No. 1 the Project was not fully designed. Even more, Carrigan Engineering, Inc. was the Project engineer. Again, at the time the parties entered into Contract No. 1 the Project was not fully engineered.

As a result, Lawrence Builders and Kolodner rescinded Contract No. 1, and novated the same by Lawrence Builders, Kolodner and Gold entering into a new agreement - so-called Contract No. 2 - whereby the parties agreed that Lawrence Builders would be paid on an ongoing basis based on the actual labor and materials relative to the Project, *to wit*, on a "time and materials" basis, and not for a sum certain.

Lawrence Builders' First Amended Complaint in C.A. No.: 06-013/ML contains claims for declaratory judgment, breach of contract, quasi contract/quantum meruit, and rescission.

Thus, it is clear that both cases - C.A. No.: 05-515/ML and C.A. No.: 06-013/ML set forth common parties and common issues of fact and/or law. A genuine dispute has arisen as to whether so-called Contract No. 1 or Contract No. 2 governs the status and relations of the parties

[3] After an evidentiary hearing before the Court upon Lawrence Builders' motion to remand the C.A. No.: 06-013/ML case to the Superior Court, Lisi, J. determined that Herb Arnold and Michael Arnold, d/b/a H.L Arnold, Jr. & Associates and Carrigan Engineering, Inc. were not proper defendants in that action.

*vis-à-vis* the Project. Accordingly, a factual determination must now be made as what contractual relationship exists between and among the parties, as well as what the terms and conditions of any such agreement controls any such relationship. Therefore, a consolidation of the C.A. No.: 05-515/ML and C.A. No.: 06-013/ML cases is both warranted and appropriate.

**Argument**

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is discretionary with the Court, and is permitted as a matter of convenience and economy in administration. *Figueroa v. DiNitto*, 2003 WL 23142193 *3 (D.R.I. 2003) (citing *Tiernan v. Westext Transport, Inc.*, 295 F. Supp. 1251, 1252 (D.R.I. 1969)). The threshold issue is whether the two (2) proceedings involve a common party *and* common issues of fact or law. *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989) (citing *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F. 2d 1, 3 (1st Cir. 1988)). Although this "rule" requires common issues of law or fact, those issues need not be identical. *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005).

Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. *McAuto Systems Group, Inc.*, 878 F. 2d at 8; *Keystone Shipping Co.*, 855 F. 2d at 7. In turning to the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and "any

confusion, delay or prejudice that might result from consolidation." *Tingley Systems, Inc. v.* CSC *Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001). *See also, Data General Corporation v. Grumman Systems Support Corporation*, 834 F. Supp. 477, 487 (D. Mass. 1992), *aff'd*, 36 F. 3d 1147 (1st Cir. 1994); *Tower of Cranes of America v. Public Service Company of New Hampshire*, 702 F. Supp. 371, 376 (D.N.H. 1988).

Finally, it is well-settled that absent "demonstrable prejudice" consolidation is generally allowed. *See McAuto Systems Group, Inc.*, 878 F. 2d at 8; *Tingley Systems, Inc.*, 152 F. Supp. 2d at 102. *See also, Lavino Shipping Co. v. Santa Cecilia Co.*, 1972 A.M.C. 2454, 2456 (S.D. N.Y. 1972) (a motion for consolidation will usually be granted unless the party opposing it can show "demonstrable prejudice").

In the present circumstance, it is clear that consolidation is both appropriate and warranted. In the first instance, it is undisputed that there is a "commonality" as to the parties in the C.A. No.: 05-515/ML and C.A. No.: 06-13/ML cases. The actors central to this dispute - Kolodner and Lawrence Builders – are named parties in both matters. Secondly, there are common issues of both fact and law in these cases. Each case poses the question as to the nature and extent of the parties' agreement relative to the Project. Even more, each case involves questions of fact regarding the quality and completion of work on the Project. Finally, both matters raise questions of fact regarding the sufficiency of the architectural plans and engineering work on the Project.

Moreover, each case involves common questions of law because each party's claims against the other sound in contract law. And, of course, each case raises the issue of damages, and which party may be liable to the other in relation to the Project.

Consolidation of these case will undoubtedly conserve judicial resources and save each party, and the Court, time and effort. With consolidation, the Court will be able to "coordinate the pretrial schedule, address any disputes that may arise in both cases in a single hearing, and hold one jury trial." *Cruickshank*, 402 F. Supp. 2d at 341. With these considerations in mind, consolidation under Rule 42 of the Federal Rules of Civil Procedure is clearly appropriate and should be ordered.

The Defendants submit that consolidation will result in no "demonstrable prejudice" to Kolodner insofar as both cases arise out of a single business relationship and transaction, *to wit*, the Project.

**Conclusion**

WHEREFORE, for the foregoing reasons, Lawrence Builders and Lawrence, and each of them, respectfully pray that this Court enter an order consolidating the C.A. No.: 05-515/ML and C.A. No.: 06-013/ML matters, and, further, that this Court award to the Defendants such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Defendants, Lawrence Builders, Inc. & Steven T. Lawrence,

By their Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 3rd day of March, 2006:

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza - Suite 1100
Providence, RI 02903

Darlene Morris