**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER | : | |
| *Plaintiff* | : | |
| *v.* | : | CIVIL ACTION NO.: 05 515 ML |
| LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE | : | |
| *Defendants* | : | |

**COMPLAINT**

Plaintiff, by and through counsel, complains of Defendants and alleges the following:

**PARTIES**

1. Plaintiff, Anna Kolodner ("Plaintiff" or "Ms. Kolodner"), is a resident of 26 Columbia Street, Brookline, Massachusetts.

2. Defendant, Lawrence Builders, Inc. ("Lawrence Builders"), is a corporation organized and existing under the laws of the State of Rhode Island, and maintains its principal place of business at 10 Fourth Street, Narragansett, Rhode Island. Upon information and belief, Lawrence Builders is registered with the Rhode Island Contractors' Registration Board.

3. Upon information and belief, Defendant, Steven T. Lawrence ("Mr. Lawrence"), is a resident of 10 Fourth Street, Narragansett, Rhode Island (Lawrence Builders and Mr. Lawrence are referred to collectively herein as "Defendants").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action and the parties hereto, pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

**FACTS**

6. Ms. Kolodner entered into a contract (the "Contract") with Lawrence Builders whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner at 37 Stanton Avenue, Narragansett, Rhode Island (hereinafter, the "Project").

7. Pursuant to the Contract, Ms. Kolodner was to pay Lawrence Builders the sum of $440,550.00 for performance under the Contract, subject to certain additions and deductions.

8. Ms. Kolodner has paid a substantial sum of money to Lawrence Builders.

9. Ms. Kolodner has paid additional costs and expenses to sub-contractors hired by Lawrence Builders, and to suppliers from whom Lawrence Builders ordered materials for the Project.

10. By mid-September of 2005, the work performed by Lawrence Builders was so consistently shoddy, and contained such numerous errors and omissions, that Ms. Kolodner had to hire others to correct and complete the construction of her new residence.

11. To date, Ms. Kolodner has paid additional costs and expenses to others hired to correct and complete the construction of her new residence.

12. Ms. Kolodner continues to discover errors and omissions by Lawrence Builders, for which she continues to incur additional expenses.

13. There were a number of allowances due Ms. Kolodner pursuant to the Contract which were not received. These allowances include, but are not limited to, those for kitchen cabinets; bathroom tiles; kitchen counters; doorknobs; and balusters.

14. There were a number of items identified in the architectural plans for the Project which were ignored and/or changed by Defendants without Ms. Kolodner's knowledge and/or

consent including, but not limited to: the foundation; the basement; floor beams; roof beams; front portico pillars; the ceiling height of the first floor; breakaway panels; and the rear roof line in front of the decks.

15. A number of windows and doors had to be replaced when Defendants failed to secure the residence, resulting in at least one episode of vandalism.

16. Doors in the master bedroom and kitchen were damaged by workmen from Lawrence Builders.

17. Ms. Kolodner instructed Defendants to purchase all of the lumber for the job in advance (to avoid an increase in additional costs by purchasing the lumber over time), which Defendants failed to do.

18. Defendants ignored and/or changed a number of architectural plans, resulting in inaccurate bids on several sub-contracting jobs.

19. Defendants ignored and/or changed a number of architectural plans, resulting in excessive purchases of materials.

20. There are many items which need to be repaired, replaced, or redone because of shoddy workmanship on the part of Defendants. These items include, but are not limited to:

(a) trim moldings not nailed into the wood which need to be secured;

(b) shelves not secured in bedroom;

(c) frame of fireplace which was built incorrectly;

(d) ceiling beams/frames in dining room which were not built evenly;

(e) problems with the trim in circular windows;

(f) stair treads which are not level;

(g) the need to increase size of outside deck so that pillar may have trim;

(h) masonry work in bathrooms which was not done properly;

(i) water coming into the master fireplace;

(j) doors between the living room and family room which do not consider the flooring pattern;

(k) molding trim in kitchen cabinets which was poorly installed and needs to be redone;

(l) the reinstallation of a new drip edge paid for by Ms. Kolodner which had originally been poorly installed;

(m) window trim ordered by Defendants which was not the trim approved by Ms. Kolodner, and which resulted in an additional cost to Ms. Kolodner to have fixed;

(n) the outside screen porch which needs to be redone to hide nails;

(o) trim which did not cover nails in shingles and had to be taken down and replaced after new shingles were added;

(p) drawers for the bathroom vanity which were off by 1/16"; and

(q) the vanity drawer which was constructed with knotty wood despite Ms. Kolodner's instructions that wood without knots be used.

21. Defendants ordered excessive trim, for which Ms. Kolodner was charged, and for which Ms. Kolodner has no use.

22. Defendants failed to submit invoices to Ms. Kolodner in a timely fashion, which often resulted in additional finance costs for which Ms. Kolodner should not be responsible.

23. Ms. Kolodner has been charged by Defendants for a number of miscellaneous items such as tools and books, which belong to Defendants.

24. Defendants are responsible for a number of errors and omissions in the kitchen including, but not limited to:

(a) the failure to install a panel to the left of the refrigerator, resulting in the need to remove and shift all cabinets;

(b) the wrong crown molding being installed over the refrigerator cabinet areas;

(c) the removal and reinstallation of the cabinetry which has affected the counter template;

(d) the cabinetry surrounding the stove hood which was installed several inches too high, and which will need to be removed and reinstalled to accommodate the stainless steel hood.

25. Defendants failed to follow architectural plans for Wolverine beadboard and continuous venting around the house, and instead put in line beadboard with no vents.

**COUNT ONE**
**(Breach of Contract)**

26. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 25 as if set forth in full herein.

27. Lawrence Builders has breached its contract with Ms. Kolodner.

28. As a direct and proximate result of Lawrence Builders' breach of contract, Ms. Kolodner has sustained direct, incidental, and consequential damages, in excess of the balance of her contract with Lawrence Builders.

**COUNT TWO**
**(Negligence)**

29. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 28 as if set forth in full herein.

30. Lawrence Builders owed Ms. Kolodner a duty to perform its services in a workmanlike manner.

31. Lawrence Builders breached its duty owed to Ms. Kolodner.

32. As a direct and proximate result of Lawrence Builders' breach of duty, Ms. Kolodner has sustained direct, incidental, and consequential damages in excess of the balance of her contract with Lawrence Builders.

**COUNT THREE**
**(Misrepresentation)**

33. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 32 as if set forth in full herein.

34. Defendants misrepresented a material fact(s) to Ms. Kolodner.

35. Defendants either knew of the misrepresentation(s), made the misrepresentation(s) without knowledge as to its/their truth or falsity, or made the representation(s) under circumstances in which they ought to have known of its/their falsity.

36. Defendants intended the representation(s) to induce Ms. Kolodner to act on it/them.

37. Ms. Kolodner acted in justifiable reliance on the misrepresentation(s), and suffered injury as a result thereof.

WHEREFORE, Plaintiff Anna Kolodner prays for relief and judgment as follows:

(i) For an award against Lawrence Builders for actual, incidental, and consequential damages sustained in an amount to be determined at trial;

(ii) For an award against Mr. Lawrence for actual, incidental, and consequential damages sustained in an amount to be determined at trial; and

(iii) For such other and further relief as this Court deems just and proper under the circumstances.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

ANNA KOLODNER

By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: December 9, 2005

00974634.DOC