**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA KOLODNER,** | : | |
| **Plaintiff** | : | |
| vs. | : | **C.A. No.: 05-515/ML** |
| **LAWRENCE BUILDERS, INC. (Plaintiff-in-Counterclaim & Third-Party Plaintiff); and STEVEN T. LAWRENCE (Plaintiff-in-Counterclaim),** | : | |
| **Defendants** | : | |
| vs. | : | |
| **MONTY GOLD,** | : | |
| **Third-Party Defendant** | : | |

**LAWRENCE BUILDERS, INC. & STEVEN T. LAWRENCE'S MOTION FOR RECONSIDERATION**

NOW COME Defendants, Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Lawrence") (collectively "Defendants"), and each of them, by and through counsel, pursuant to Rule 60 of the Federal Rules of Civil Procedure, hereby move this Court to reconsider its January 30, 2006 order denying the Defendants' motion to stay the instant proceedings pending arbitration.

In support of the within motion, Defendants' submit that the contract alleged by the Plaintiff, Anna Kolodner ("Kolodner") to be at issue, and controlling of the parties rights and obligations, in this matter prescribes a particular dispute resolution clause requiring arbitration as the mechanism by which any disputes under contract are to be decided, and resolved. Thus, in

accord with R.I. Gen. Laws §10-3-3 a mandatory stay of proceedings is appropriate in order to allow the parties to submit their dispute to the an arbitrator for determination.

Further, in support of the instant motion the Defendants submit the accompanying memorandum of law.

Respectfully submitted,

Lawrence Builders, Inc. ~~& Steve~~ T. Lawrence

By their Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 9th day of March, 2006.

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza – Suite 1100
Providence, RI 02903

Darlene Morris

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ANNA KOLODNER,** | |
| **Plaintiff** | |
| **vs.** | **C.A. No.: 05-515/ML** |
| **LAWRENCE BUILDERS, INC. (Plaintiff-in-Counterclaim & Third-Party Plaintiff); and STEVEN T. LAWRENCE (Plaintiff-in-Counterclaim),** | |
| **Defendants** | |
| **vs.** | |
| **MONTY GOLD,** | |
| **Third-Party Defendant** | |

**LAWRENCE BUILDERS, INC. & STEVEN T. LAWRENCE'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

NOW COME Defendants, Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Lawrence") (collectively, the "Defendants"), and each of them, by and through counsel, and hereby submit the within memorandum in support of their accompanying motion for this Court to reconsider its January 30, 2006 order denying the Defendants' motion to stay the instant proceeding pending arbitration.

**Introductory Statement**

The Defendants respectfully request that this Court revisit, and reconsider, its decision denying the Defendants' motion to stay the instant proceedings pending an arbitration of the parties' dispute. In this case, Plaintiff, Anna Kolodner's ("Kolodner") Complaint is grounded in a July 18, 2004 contract that prescribes a mandatory arbitration for dispute resolution under the

agreement. Therefore, in accordance with R.I. Gen. Laws 10-3-3, this Court should stay the action pending the outcome of the arbitration process. The Defendants respectfully suggest that in its January 30, 2006 denial of the Defendants' request to stay the proceeding, the Court overlooked the basis of Kolodner's own claim(s) in this matter, as well as disregarded the clear and unambiguous language of the parties' Contract. Therefore, the Defendants request that this Court reconsider its January 30th determination, and, upon doing so, grant the Defendants' motion to stay, and, further, stay the instant proceedings pending arbitration in accord with the Contract, as well as R.I. Gen. Laws §10-3-3.

**Pertinent Facts**

On or about July 18, 2004, Kolodner (hereinafter, "Kolodner") entered into a contract with Lawrence Builders for the construction of a new residence at 37 Stanton Avenue, Narragansett, Rhode Island (the "Project"). The subject contract was an American Institution of Architects ("AIA") standard form contract (the "Contract"). *See the Contract appended hereto as Exhibit 1.* In particular, the Contract's General Conditions specifically provided for arbitration of "any Claim arising out of or related to the Contract...". *See General Conditions of the Contract appended hereto as Exhibit 2*, at § 4.6.1.

Notwithstanding, at or about the same time that the parties entered into the Contract, it was learned by Kolodner and Lawrence Builders that the Project was not fully designed and engineered, and, as such, could not be advanced as contemplated under the Contract. Thus, the parties mutually rescinded the Contract, and, further, entered into a new agreement to complete the Project on a "time and materials" basis rather than on a "single sum" basis as was set forth in the parties' initial Contract.

On or about December 9, 2005, Kolodner initiated the instant action in order to have the Court determine, among other things the validity and enforceability of the Contract, which, as previously stated, sets forth a mandatory dispute resolution protocol, *to wit,* arbitration, for the parties.

In response to Kolodner's Complaint, the Defendants filed a motion to stay the instant proceedings pending arbitration under R.I. Gen. Laws §10-3-1, *et seq.,* the Rhode Island Arbitration Act, in order to allow for arbitration of Kolodner's claims as prescribed by the Contract. To the extent that Kolodner's claims are based on an alleged failure of Lawrence Builders to substantially and/or satisfactorily perform its obligations under the Contract, and given that the Contract clearly provides for arbitration of such disputes, the Defendants asserted that Kolodner's claims must be submitted to an arbitrator before proceeding forward for determination in this Court. Notwithstanding, on January 30th this Court denied the Defendants'motion to stay the instant proceedings pending arbitration.

**Standard of Review**

A motion for reconsideration "is appropriate where a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion... and which, had they been considered, might have reasonably altered the result before the court.'" *DGM Investments, Inc. v. New York Futures Exchange, Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (citing *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002)). Motions to reconsider may be granted to "correct a clear error or prevent manifest injustice." *Id.* Even more, a motion to reconsider under F. R. Civ. P. 60(b) should be "construed liberally to do substantial justice" *Fackelman v. Bell*, 564 F. 2d 734, 735 (5th Cir. 1977) (quoting *Laguna Royalty Co. v. Marsh*, 350 F. 2d 817, 823 (5th Cir. 1965)).

**Argument**

Rhode Island law is clear that "[I]f any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court... ***shall***, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement...". (Emphasis supplied.) R.I. Gen. Laws §10-3-3 (2004).

In the instant case, insofar as the parties to the Contract plainly agreed to submit any disputes thereunder to arbitration, the instant proceeding should be stayed pending arbitration. *See* R.I. Gen. Laws §10-3-3; *Bjartmarz v. Pinnacle Real Estate Tax Service*, 771 A. 2d 124, 126 (R.I. 2001) (noting that the presence of an arbitration agreement mandates that court proceedings be stayed pursuant to R.I. Gen. Laws 10-3-3).

The Rhode Island Supreme Court has further noted that R.I. Gen. Laws § 10-3-3 allows for a stay of a court action while the matter is referred to arbitration, which provides the procedural mechanism that permits parties to proceed to arbitration. *Newman v. Valleywood Associates, Inc.*, 874 A. 2d 1286, 1290 (R.I. 2005).

Kolodner has alleged, and insists, that the Contract originally executed by the parties is, and continues to be, the operative and controlling agreement by and between the parties. The Contract does, indeed, include an arbitration clause requiring the parties submit their claims and/or disputes relative to the Contract to arbitration for resolution. Thus, the instant action should be stayed in order to afford the parties the opportunity to comply with the terms of the Contract, and attempt to resolve, and determine, their dispute(s) per the Contract's General Conditions' arbitration provision. Given the clear and unambiguous language of the Contract,

that arbitration is the preferred method of dispute resolution in Rhode Island, the plain and mandatory language of R.I. Gen. Laws §10-3-3, and the well-settled case law on this issue, it is clear that this Court should stay the instant proceedings pending arbitration of the parties' claims and/or dispute.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Defendants respectfully pray that this Court reconsider its January 30, 2006 order denying the Defendants' motion to stay proceedings pending arbitration, that this Court stay the instant proceedings pending arbitration, and that this Court award to the Defendants such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Lawrence Builders, Inc. ~~& Steve T.~~ Lawrence,

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: March 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 9th day of March, 2006

Lynne M. Radiches, Esq.
**Burns & Levinson, LLP**
One Citizens Plaza – Suite 1100
Providence, RI 02903

Darlene Morris