**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER | : | |
| *Plaintiff* | : | |
| *v.* | : | CIVIL ACTION NO.: 05-515ML |
| LAWRENCE BUILDERS, INC., and STEVEN T. LAWRENCE | : | |
| *Defendants* | : | |

**OBJECTION TO DEFENDANTS LAWRENCE BUILDERS, INC. AND STEVEN T. LAWRENCE'S MOTION TO CONSOLIDATE**

Plaintiff, Anna Kolodner, by her undersigned attorneys, hereby objects to Defendants Lawrence Builders, Inc. and Steven T. Lawrence's Motion to Consolidate, for the reasons set forth in the accompanying Memorandum of Law (including exhibits).

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: March 13, 2006

**CERTIFICATION**

I hereby certify that on this 13th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Sherry A. Spencer

00998361.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC.,<br>and STEVEN T. LAWRENCE<br><br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 05-515ML |

**MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS LAWRENCE BUILDERS, INC. AND STEVEN T. LAWRENCE'S MOTION TO CONSOLIDATE**

**PROLOGUE**

It makes no sense for two cases involving identical issues of law and fact to run concurrently (consolidated or otherwise) in Federal Court when the second case (originally brought in State Court and later removed to Federal Court) was only filed to try and keep the first case (to which Defendants have since filed Answers, Counterclaims, and a Third-Party Complaint) out of Federal Court. It's a continued waste of time, money, and judicial resources.

**BACKGROUND**

On December 9, 2005, Anna Kolodner ("Ms. Kolodner"), a Massachusetts resident, filed the instant action (the "05 Case") against Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Mr. Lawrence") in Federal Court. The subject of this case is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). Ms. Kolodner has alleged Breach of Contract, Negligence, and Misrepresentation, all arising

from consistently shoddy work containing numerous errors and omissions, which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

With full knowledge that Ms. Kolodner would be filing in Federal Court on December 9, 2005, Lawrence Builders initiated an action involving identical issues of law and fact against Ms. Kolodner in Washington County Superior Court (the "State Court action") on the same day, but only after fraudulently joining two Rhode Island defendants who were not parties to the Contract and from whom no relief was sought (collectively, "the architect and the engineer"), in an effort to defeat diversity jurisdiction. Lawrence Builders also sued Ms. Kolodner's husband, Massachusetts resident Monty Gold ("Mr. Gold"), who is not a party to the Contract.

On January 13, 2006, Ms. Kolodner and Mr. Gold removed the State Court action to Federal Court (Lawrence Builders, Inc. v. Dr. Anna Kolodner, et als., C.A. No. 06-013/ML – the "06 Case"). Lawrence Builders file a motion to remand which, following an evidentiary hearing, was denied. Now there are two cases involving common parties and identical issues of law and fact in Federal Court – the 05 Case and the 06 Case.

Lawrence Builders and Mr. Lawrence had filed a motion to stay the 05 Case, which was denied on January 30, 2006.[1] On or about March 3, 2006, Lawrence Builders filed with its Answer to the 05 Case, a Counterclaim and Third-Party Complaint against Monty Gold (co-defendant of Anna Kolodner in the 06 Case) which mirror the First Amended Complaint in the 06 Case.[2]

On February 24, 2006, Ms. Kolodner and Mr. Gold filed a Motion to Dismiss the 06 Case, and that motion is presently pending before the Court. The Motion to Dismiss was filed

---

1 On or about March 9, 2006, Lawrence Builders and Mr. Lawrence filed a Motion for Reconsideration of this Court's Order denying their Motion to Stay.

2 Defendant Steven T. Lawrence also filed an Answer to the 05 Case on or about March 3, 2006, at which time he, too, filed a Counterclaim.

before Lawrence Builders and Steven T. Lawrence responded to the Complaint in the 05 Case. The 05 Case has since been answered, with Counterclaims and a Third Party Complaint filed which mirror the First Amended Complaint in the 06 Case. That notwithstanding, Lawrence Builders and Steven Lawrence now seek the consolidation of the two cases.

**ARGUMENT**

"Consolidation is discretionary with the Court, and is permitted as a matter of convenience and economy in administration. Figueroa v. DiNitto, 2003 WL 23142193*3 (D.R.I. 2003) (citing Tiernan v. Westext Transport, Inc., 295 F. Supp. 1251, 1252 (D.R.I. 1969)). The threshold issue is whether the two (2) proceedings involve a common party and common issues of fact or law. Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989) (citing New England Energy, Inc. v. Keystone Shipping Co., 855 F. 2d 1, 3 (1st Cir. 1988))." See *Defendants' Memorandum in Support of Motion to Consolidate*, p. 4.

Plaintiff readily concedes that the 05 and 06 Cases involve common parties and common issues of fact and law. Plaintiff is asking this Court to recognize that the consolidation of these cases is neither convenient nor economical, and to exercise its discretion to deny Defendants' Motion to Consolidate, and to either dismiss the 06 Case, or stay the 06 Case pending resolution of the 05 Case.

**I. The 06 Case Should Be Dismissed.**

The issues of law and fact in the 06 Case are identical to those in the 05 Case (See Exhibit A – *Defendants' Memorandum in Support of their Motion to Stay Proceedings*, p. 2). What is now the 06 Case had only been filed in State Court on December 9, 2005 after Lawrence Builders learned on December 8, 2005 of Anna Kolodner's decision to file the 05 Case in Federal Court the following day.

Lawrence Builders fraudulently joined the architect and the engineer to what is now the 06 Case to try to prevent its removal from State to Federal Court (See Exhibit B – *Memorandum and Order*, p. 7). Now that the 06 case is indeed in Federal Court, the parties have one case too many between them.

Dismissal of the 06 Case is prudent under the circumstances. The 05 Case, which contains identical issues of law and fact to the 06 Case, was the first of the two cases to be brought in Federal Court. There is no need for the 06 Case to go forward. It was only filed in search of a State forum. That effort failed, and the 06 Case is now "dead weight" in Federal Court.

Prior to ruling on the motion to remand the 06 Case, this Court denied Defendants' motion to stay the 05 Case. On or about March 3, 2006, Defendant Lawrence Builders then filed its Answer to the 05 Case, and with it a Counterclaim and Third-Party Complaint against Monty Gold (the co-defendant of Anna Kolodner in the 06 Case). The Counterclaim and Third Party Complaint mirror the First Amended Complaint in the 06 Case. Anna Kolodner and Monty Gold must respond to the aforementioned Counterclaim, and Mr. Gold to the Third-Party Complaint, on or before March 23, 2006, at which time the 05 Case will be in full swing, covering any and all issues set forth in the 06 Case as well.

The fate of the 06 Case appears to be the final battle in the jurisdictional war begun by Lawrence Builders. To allow the 06 Case to run concurrently with the 05 Case, consolidated or otherwise, would only be a further waste of time, money, and judicial resources. The just, speedy, and inexpensive determination of the claims of these parties against one another is best achieved by the dismissal of the 06 Case and proceeding on the Complaint, Counterclaims, and Third Party Complaint in the 05 Case.

## II. If The 06 Case Is Not Dismissed, It Should Be Stayed Pending Resolution Of The 05 Case.

The most efficient way of streamlining these litigations is to dismiss the 06 Case. A reasonable alternative however, would be for this Court to exercise its discretion to stay the 06 Case pending resolution of the 05 Case.

The demonstrable prejudice to Plaintiff by the consolidation of these cases includes her having to respond to both the Counterclaim of Defendant Lawrence Builders in the 05 Case and the First Amended Complaint in the 06 Case, which are, for all intents and purposes, identical. It could then reasonably be anticipated that discovery would be propounded in each of the two cases, thus allowing for two depositions of each party, twice the number of interrogatories, and so on. More (unnecessary) time; more (unnecessary) expense to all parties; and more (unnecessary) waste of judicial resources It just makes no sense – the cases are identical.

A stay of the 06 Case would also eliminate the risk of inconsistent verdicts after trial.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Consolidate should be denied.

Respectfully submitted,
ANNA KOLODNER
By her Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

**CERTIFICATION**

I hereby certify that on this 13th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Sherry A. Spencer

Sherry A. Spencer

00998610.DOC