**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC., (Counterclaimant and Third-Party Plaintiff) and STEVEN T. LAWRENCE<br><br>*Defendants*<br><br>*v.*<br><br>MONTY GOLD<br><br>*Third-Party Defendant* | CIVIL ACTION NO.: 05-515ML |

**OBJECTION TO MOTION FOR RECONSIDERATION FILED BY LAWRENCE BUILDERS, INC. AND STEVEN T. LAWRENCE**

Plaintiff, Anna Kolodner, and Third-Party Defendant, Monty Gold, by their undersigned attorneys, hereby object to the Motion For Reconsideration filed by Lawrence Builders, Inc. and Steven T. Lawrence, for the reasons set forth in the accompanying Memorandum of Law (including exhibits).

Respectfully submitted,
ANNA KOLODNER and MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: March 20, 2006

**CERTIFICATION**

I hereby certify that on this 20th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Jason P. Knight, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook
Susan M. Cook

00998985.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNA KOLODNER<br><br>*Plaintiff*<br><br>*v.*<br><br>LAWRENCE BUILDERS, INC., (Counterclaimant and Third-Party Plaintiff) and STEVEN T. LAWRENCE<br><br>*Defendants*<br><br>*v.*<br><br>MONTY GOLD<br><br>*Third-Party Defendant* | : | CIVIL ACTION NO.: 05-515ML |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR RECONSIDERATION FILED BY LAWRENCE BUILDERS, INC. AND STEVEN T. LAWRENCE**

## INTRODUCTION

On January 30, 2006, after consideration of written memoranda supplemented by oral argument, this Court denied a motion by Lawrence Builders. Inc. ("Lawrence Builders") and Steven T. Lawrence ("Mr. Lawrence") to stay this action in deference to a companion case filed in State Court or, in the alternative, pending arbitration. Now, Lawrence Builders and Mr. Lawrence are asking this Court to second-guess itself, reverse its decision, and stay this case pursuant to an alleged arbitration provision in a contract Lawrence Builders and Steven T. Lawrence say no longer exists.

**BACKGROUND**

The instant action (a/k/a the "05 Case") was filed by Anna Kolodner against Lawrence Builders and Mr. Lawrence on December 9, 2005. The subject of this case is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). Ms. Kolodner has alleged Breach of Contract, Negligence, and Misrepresentation, all arising from consistently shoddy work containing numerous errors and omissions, which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

With full knowledge that Ms. Kolodner would be filing in this Court on December 9, 2005, Lawrence Builders initiated an action involving identical issues of law and fact against Ms. Kolodner in Washington County Superior Court (the "State Court action") on the same day, but only after fraudulently joining two Rhode Island defendants who were not parties to the Contract and from whom no relief was sought (collectively, "the architect and the engineer"), in an effort to defeat diversity jurisdiction. Lawrence Builders also sued Ms. Kolodner's husband, Monty Gold ("Mr. Gold"), who is not a party to the Contract.

On January 13, 2006, Ms. Kolodner and Mr. Gold removed the State Court action to Federal Court (Lawrence Builders, Inc. v. Dr. Anna Kolodner, et als., C.A. No. 06-013/ML -- the "06 Case"). Lawrence Builders filed a motion to remand which, following an evidentiary hearing, was denied.[1] Now there are two cases involving common parties and identical issues of law and fact in Federal Court – the 05 Case and the 06 Case.

Last December, Lawrence Builders and Mr. Lawrence filed a motion to stay the instant action in deference to the 06 Case (which, at the time, had not yet been removed to Federal Court), and argued in the alternative that the 05 Case should be stayed pending arbitration.

[1] The Court also ordered the dismissal of the architect and the engineer as Defendants.

These issues were thoroughly briefed by both sides. The matter was called for oral argument on January 30, 2006 and, after careful consideration, this Court denied the motion to stay.

Lawrence Builders and Mr. Lawrence have petitioned this Court to reconsider its denial of the motion to stay this action, no longer out of deference to the 06 Case, but solely for purposes of forcing this case to arbitration pursuant to the alleged terms of the Contract that Lawrence Builders and Mr. Lawrence argue in their Counterclaims in this case and Complaint in the 06 Case is null and void.

The "General Conditions" under which Lawrence Builders and Mr. Lawrence are trying to force arbitration were presented to Ms. Kolodner for the first time in the form of Exhibit 2 to Lawrence Builders and Mr. Lawrence's Memorandum in Support of Motion for Reconsideration. The section of the General Conditions cited by Lawrence Builders and Mr. Lawrence as calling for arbitration follows a section which reads that disputes "shall be referred initially to the Architect for decision." See *Defendants' Memorandum in Support of Motion for Reconsideration,* Exhibit 2, p. 20, § 4.4.1. At no time was the dispute between these parties referred to the Architect for resolution.

**PROCEDURAL NOTE**

Ms. Kolodner and Mr. Gold have moved to dismiss the 06 Case as duplicative to the instant action, and as a waste of time, money, and judicial resources. Lawrence Builders has objected to the dismissal of the 06 Case, and has moved to consolidate the 05 and 06 Cases for trial.[2]

---

[2] Both motions have been scheduled of hearing on March 27, 2006 at 11:00 am.

## ARGUMENT

**I. <u>Reconsideration Is Not Proper Under Federal Rule of Civil Procedure 60(b).</u>**

The Federal Rules of Civil Procedure generally do not recognize or provide for a motion for reconsideration. R.J.P. Corporation v. Miller, 2002 R.I. Super. LEXIS 184 (citing, generally, Hatfield v. Bd. Of Cty. Comm'rs for Converse Cty., 52 F.3d 858 (10th Cir. 1995) (additional citations omitted)). Although a motion for reconsideration may be construed as having been brought under Rule 60(b) (Id. (citing *James Wm. Moore et al., Moore's Federal Practice 1997 Rules Pamphlet P 60.2 [9] (1996)*)), Defendants' motion for consideration should not be so construed.

Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party…from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged…; or (6) any other reason justifying relief from the operation of the judgment."

Defendants make no reference in the memorandum offered in support of their motion for reconsideration to which of the six specific circumstances enumerated in Rule 60(b) entitles them to the relief they seek. Defendants merely ask this Court to "revisit, and reconsider, its decision", and suggest that in denying the motion to stay, this Court "overlooked" the basis of Ms. Kolodner's claims, and "disregarded the clear and unambiguous language of the parties' Contract." See *Lawrence Builders, Inc. & Steven T. Lawrence's Memorandum in Support of Motion for Reconsideration*, pp. 1 and 2.

Clearly, Defendants have not petitioned this Court for reconsideration under reasons 4, 5, or 6 of Rule 60(b), as there is no judgment in effect here, but an order. Defendants have not alleged fraud, misrepresentation, or other adverse conduct of an adverse party, thus eliminating reason number 3 of Rule 60(b) as the basis for Defendants' petition. Reason number 2, referencing a new trial, is completely irrelevant. By process of elimination, that leaves only reason number 1 – "mistake, inadvertence, surprise, or excusable neglect" – as the circumstance under which Defendants seek relief from the order denying their motion to stay.

Last December, when Defendants filed their motion to stay, they also filed a six page memorandum. Ms. Kolodner filed her objection with supporting memorandum containing five exhibits. Defendants then filed a reply memorandum. After careful consideration of the parties' written submissions, the Court heard oral argument from both sides on January 30, 2006.

The issue of whether a stay of this case was appropriate was thoroughly briefed, argued, and carefully considered by this Court prior to its decision to deny the motion. Defendants are not seeking reconsideration because of a "mistake, inadvertence, surprise, or excusable neglect", but because, despite absorbing three memoranda and listening to oral argument on the issue, they say this Court "overlooked" and "disregarded" information.

In the simplest of terms, Defendants want a "do-over". Their request not only lacks merit, but was improperly brought under the guise of a legitimate motion pursuant Rule 60(b).

## II. **<u>A Stay Is Inappropriate Because Whether The Complaint Is Referable To Arbitration Remains In Issue.</u>**

Defendants have asked this Court to reconsider its denial of their motion to stay this action, based upon an alleged arbitration provision of the Contract Defendants insist is null and void.

In support of their argument, Defendants cite R.I. Gen. Laws § 10-3-3, which states that, "[i]f any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."

Section 10-3-3 must be read in conjunction with its counterpart, R.I. Gen. Laws § 10-3-5, which states, in pertinent part, that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the arbitration agreement is in issue, the court shall proceed summarily to the trial thereof."

Were this Court to reconsider its denial of Defendants' motion to stay (which it should not, given that the motion is without merit and was improperly brought), the form of relief to Defendants would not be an immediate stay of this case, but a trial pursuant to R.I. Gen. Laws § 10-3-5. A ruling on the motion to stay would be deferred pending a decision after trial as to whether the parties had previously agreed to arbitration. A trial pursuant to § 10-3-5 would be where issues related to knowing consent, the acts taken by Lawrence Builders which were inconsistent with any alleged right to arbitration, and certain other terms of the General Conditions which are purportedly part of the Contract and which mandate certain steps prior to arbitration would be properly argued.

Whether the Complaint is referable to arbitration under the Contract is moot anyway, as Defendants have waived any alleged right they may have had to arbitration.

**III. Defendants Waived Any Right They May Have Had To Arbitration.**

"Arbitration is an affirmative defense, and as such a defending party using it must specifically plead it in the answer or that defense is waived." Associated Bonded Construction Company v. Griffin Corp., 438 A.2d 1088, 1091 (R.I. 1981) (See Demsey & Associates, Inc. v. S.S. Sea Star, 461 F.2d 1009 (2d Cir. 1972); Karno-Smith Co. v. School District of Scranton, 44 F.Supp. 860 (M.D. Pa. 1942). "The failure to plead an affirmative defense results in its waiver." Id. (citing Duquette v. Godbout, 416 A.2d 669 (R.I. 1980)).

"Arbitration and award" is also a defense which a party "shall set forth affirmatively" pursuant to Federal Rule of Civil Procedure 8(c). Neither Lawrence Builders nor Mr. Lawrence, who in their Answers to the Complaint listed 17 and 18 affirmative defenses respectively, listed arbitration as an affirmative defense. (See Exhibit 1, pp. 4-6 and Exhibit 2, pp. 4-6). Both defendants have therefore waived any rights they may have had to arbitration.

On the same day that Ms. Kolodner filed the instant action, Lawrence Builders filed the lawsuit in State Court (now, the 06 Case) that, in its own words, "presents the identical issues of law and fact" to those of the instant action. The filing of the Complaint in State Court by Lawrence Builders was in fact inconsistent with any alleged right to arbitration. "In determining whether a party to an arbitration agreement, usually a defendant, has waived its arbitration right, federal courts typically have looked to whether the party has actually participated in the lawsuit or has taken other action inconsistent with his right…". Jones Motor Company, Inc. v. Chauffeurs, Teamsters and Helpers Local Union, 671 F.2d 38, 44 (1st Cir. 1982). For Lawrence Builders, the "litigation machinery has been substantially invoked…". Id. Any claim to arbitration by Lawrence Builders is therefore waived.

**CONCLUSION**

For the foregoing reasons, Lawrence Builders, Inc. and Steven T. Lawrence's Motion for Reconsideration should be denied, and Lawrence Builders, Inc. and Steven T. Lawrence should be ordered to reimburse Ms. Kolodner for the reasonable attorney's fees she incurred as a result of having to defend against it.

Respectfully submitted,

ANNA KOLODNER and MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: March 20, 2006

**CERTIFICATION**

I hereby certify that on this 20th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook

Susan M. Cook

00998989.DOC